## HIXON *v.* THE STATE.

CRIMINAL PLEADING.—*Indictment. Assualt.*

Where an indictment for an assault with intent to kill charged the felonious assault to have been committed by presenting a gun, but did not aver that the defendant was within shooting distance of the prosecutor, held, sufficient to convict of a simple assault.

(1) Irvins v. Mathis, 11 Humph. 603; Sharp v. Miller, 3 Sneed, 42; Bettis v. Mansfield, 11 Humph. 604.

·The State v. Claibourne Phillipps.

The plaintiff in error was indicted and tried in the county of Knox on a charge of an assault with intent to kill. The bill of indictment charged the assault to have been committed by presenting a gun, but did not charge that it was done within shooting distance.

The jury found the plaintiff in error not guilty of the felonious intent, but guilty of an assault.

The counsel for the defendant in the circuit court moved to arrest the judgment, on the ground that the indictment did not charge that the gun presented by the defendant was presented within shooting distance; but the court refused so to do, whereupon the defendant appealed in error to the supreme court.

McKinney, J.: Though it might have been necessary to have averred in the indictment in question that the assault was made within the distance the gun would carry had the defendant been convicted of the *felonious* assault; yet it was not necessary that the same should have charged that fact when the defendant was found guilty merely of an assault, and the fact appeared in evidence at any time during the trial. (1)

*Judgment affirmed.*

---

(1) As to what is an assault, see Bloomer v. State, 3 Sneed, 66; Richels v. State, 1 Sneed, 606; State v. Smith, 2 Humph, 457; Smith v. State, 7 Humph. 43,