BROWN, Chief Judge.
| ^Defendant, Darius Mendenhall, pled guilty to distributing a legend drug, Pali-peridone,[1] to a confidential informant, a violation of La. R.S. 40:1238.1, and conspiring to distribute a controlled dangerous substance, cocaine, in violation of La. R.S. 40:967(A).[2] In exchange for defendant’s guilty plea, the state dismissed a third count of distribution of a counterfeit drug and agreed not to file a habitual offender bill. The state also recommended that the sentences run concurrently.
Defendant received concurrent hard labor terms of five years for the distribution of a legend drug, and eight years for conspiracy to distribute cocaine. As a result of these charges, defendant’s probation was revoked on a prior illegal possession of stolen goods conviction (eight years). The trial court ordered that the current sentences would be consecutive to the eight years on the probation revocation. The trial court also recommended defendant for the substance abuse program. His motion to reconsider was denied. This appeal followed. We affirm.

Discussion

Defendant claims that his sentences are excessive. The circumstances of the charges were stated as follows:
On or about October 13, 2011, Menden-hall was observed by a North Webster Narcotics Task Force and was seen distributing six pills of a legend drug, Pali-peridone, to a confidential informant for $20. The transaction was recorded on audio andjjvideo surveillance. The drug was later confirmed by the crime lab as a legend drug.
On or about July 21, 2011, the narcotics task force had a confidential informant call Mendenhall to attempt to purchase from him $40 worth of crack cocaine. Mendenhall later met with the confidential informant and directed the informant to drive them to a location in Webster Parish, where Mendenhall entered to conduct the transaction. Afterward, a second individual brought crack cocaine out to the confidential informant.
Review of a sentence for constitutional excessiveness turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, the reviewing court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
The trial court reviewed the presentence investigation report, which revealed that defendant had two prior felonies.[3] On November 22,1999, defendant had pled guilty *729 to middle grade illegal possession of stolen things and was sentenced to two years at hard labor, suspended, and two years of supervised probation. His probation was revoked on December 11, 2000. Defendant also pled guilty on March 7, 2011, to illegal possession of stolen things and was sentenced to eight years’ imprisonment at hard labor, suspended, with five years of supervised probation. The presentence | investigation report indicates he was originally charged with simple burglary. He was serving this probation when he was charged with the instant offenses. His probation was revoked prior to sentencing on the present charges.
The trial court noted that defendant’s mother, who was discharged from a mental hospital, Uves with him, as does his girlfriend and their two children. Defendant worked for a landscaping company and was working toward obtaining his G.E.D. A diabetic, defendant also took the medication Paliperidone, the legend drug he was selling, for a condition in which he hears voices.
The trial court also noted that because the instant convictions constitute defendant’s third felony, he was not eligible for probation.
Defendant argues that his concurrent sentences for five and eight years’ imprisonment at hard labor are excessive in light of the fact that they will run consecutively to his other sentence of eight years for his prior conviction for illegal possession of stolen things. He argues that more consideration should be given to the fact that he pled guilty and that the transactions were only six pills for $20 and a small amount of cocaine for $40. Finally, he argues that the sentences imposed would impose a hardship on his family, as he needs to care for his mom and his two children.
A “legend drug” is one in which the label reads “Caution: Federal law prohibits dispensing without prescription.” La. R.S. 40:1287. Under La. R.S. 40:1238.1, “it is unlawful for any person to sell, deliver, or possess any legend drug, except upon the order or prescription of a physician or licensed Rhealth care practitioner.” Any person who violates La. R.S. 40:1238.1 is subject to imprisonment for not more than five years, with or without hard labor, and an optional maximum fine of $5,000. La. R.S. 40:1238.1(0).
La. R.S. 40:967(A) prohibits the distribution of a controlled dangerous substance. Anyone violating La. R.S. 40:967(A) by distributing cocaine is subject to imprisonment at hard labor for 2-30 years, with the first two years being without benefit of probation, parole, or suspension of sentence, and an optional fine of not more than $50,000. La. R.S. 40:967(B)(4)(b). For conspiracy to commit distribution of cocaine, the fine or imprisonment shall not exceed one-half the largest fine or one-half the longest term of imprisonment, or both. La. R.S. 14:26(C). Therefore, for conspiring to distribute cocaine, Mendenhall was subject to a maximum of 15 years’ imprisonment at hard labor.
The sentences in this case are within the statutory guidelines. The trial court considered mitigating factors: that defendant pled guilty and acknowledged his mistake; that he was employed and trying to get his G.E.D.; and that he had obligations in caring for his mother and two children. However, he had a history of probation and parole violations. His crimes are now escalating into sales of controlled substances and he has resorted to selling his own prescription medication.
*730 After benefiting from the plea agreement, in which he was not charged as a third-felony habitual offender and a third charge was dismissed, defendant faced a combined sentence exposure of 20 years (28 years counting the revocation of his prior crime). He was only sentenced to | (five and eight years, respectively, and under the plea agreement, had the benefit of having these sentences run concurrently to one another but consecutively with the eight-year sentence on his prior conviction for which his probation was revoked.
Defendant received a substantial benefit from the plea bargain in this case. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App.2d Cir.02/27/02), 811 So.2d 176. In addition, defendant has exhibited a pattern of probation and parole violations. Given the circumstances of the case, as provided above, the imposed sentences, including the eight-year sentence on the revocation, does not shock the sense of justice. They are not grossly disproportionate to the severity of the crime such as to shock the sense of justice and serve no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/02/11), 77 So.3d 1047.

Conclusion

For the above reasons, defendant’s convictions and sentences are affirmed.

. Paliperidone is prescribed in treatment of disorders such as schizophrenia.

. In a separate matter, Mendenhall was charged with stealing meat from his aunt’s house, pled guilty to criminal mischief and was sentenced to six months in the parish jail.

.The presentence investigation report indicates another prior offense to which Menden-hall pled guilty and was ordered to serve 60 *729 days’ jail time, suspended, and a one-year probation, which was later revoked.