PITMAN, J.
| í Defendant, Terrance Lynn Johnson (a/ k/a Terry Brown), pled guilty to distribution of a Schedule II controlled dangerous substance (cocaine) in violation of La. R.S. 40:967(A)(1). His guilty plea was entered without any agreement concerning the sentence. He was charged and adjudicated as a second felony habitual offender under La. R.S. 15:529.1(A)(1) and sentenced to 40 years at hard labor, the first 2 years to be served without benefit of probation, parole or suspension of sentence and the other 38 years without benefit of probation or suspension of sentence. Defendant now appeals his sentence as excessive. For the reasons stated herein, we affirm.

FACTS

Defendant was charged with distribution of a Schedule II controlled dangerous substance (cocaine) as the result of selling 15 grams of cocaine in February 2010. A trial commenced; but, after jury selection was almost completed, Defendant chose to plead guilty as charged. There was no agreement as to the sentence and no agreement by the state that a multiple offender adjudication would not be sought.
Defendant’s attorney withdrew from the case and another attorney was hired, who filed a motion to withdraw the guilty plea; however, after a hearing, the motion was denied. A writ application was filed with this court and was granted, but the decision of the trial court was affirmed. See State v. Johnson, 46,673 (La.App.2d Cir.7/11/11) (unpub.). A writ application was filed with the Louisiana Supreme Court, and that application was denied. See State v. Johnson, 11-1765 (La.10/14/11), 74 So.3d 714.
li>A habitual offender bill of information was filed and a hearing was held in August 2012. Since Defendant had pled guilty in 2003 to possession of Schedule II controlled dangerous substance (cocaine), he was adjudicated a second felony habitual offender. A presentence investigation (PSI) report was ordered by the trial court.
A sentencing hearing was held at which the trial judge stated that he had reviewed the PSI as well as the facts of the case and the sentencing recommendations by the district attorney’s office. He also stated that he had taken into account the guidelines provided for sentencing in La. C. Cr. P. art. 894.1. The trial judge noted that Defendant actually had two prior felonies- *990 the 2003 possession of cocaine conviction, which had originally been brought as a charge of possession of over 28 and less than 200 grams, and possession of a firearm by a convicted felon. Defendant’s probation was revoked in 2004 as a result of the firearm charge, and the firearm charge was removed to federal court.
The trial judge noted that Defendant had been arrested as a principal to a second degree murder, but that the charge had been dismissed. Defendant had also been arrested for another felony, simple robbery in 1995, but that charge had been dismissed because the victim refused to cooperate. Defendant also had various misdemeanors on his record.
The trial judge noted that the drug dealt in this case was a controlled dangerous substance and that the offender obtained substantial income from engaging in the activity because more than $11,000 had been found at Defendant’s home at the time of his arrest. After reiterating that he Isconsidered the factors for sentencing found in La. C. Cr. P. art. 894.1 and considering that the sentencing range for this crime as a second felony offense was 15 to 60 years, the trial judge sentenced Defendant to 40 years at hard labor. The first 2 years were to be served without benefit of probation, parole or suspension of sentence; the other 38 years were to be served without benefit of probation or suspension of sentence.
Defendant filed a motion to reconsider sentence and alleged only that the sentence imposed was excessive. The motion was denied. Defendant’s appeal followed.

DISCUSSION

Defendant argues that the sentence of 40 years at hard labor without benefit of suspension or probation is excessive under the facts and circumstances of this case.
Defendant specifically argues that the trial judge noted no mitigating factors in this case. The trial judge did not discuss any personal information about Defendant, nor his work history or his efforts to better his lot in life through school. Defendant argues that the trial judge’s focus was clearly on his criminal history. He further argues that much weight seems to have been given to those offenses that the state had not been able to prove and to the original charge of possession of more than 28, but less than 200, grams of cocaine, that had been pled to a charge of simple possession of cocaine.
The state argues that a trial court has great sentencing discretion, that the court in this case referenced and considered the criteria set forth in La. |4C. Cr. P. art. 894.1 and that there is no requirement that the trial court discuss Defendant’s personal history, work history or “efforts to better his lot.” The state also correctly points out that there was no complaint at sentencing about the trial court considering the two prior felony arrests that had been dismissed. The state concludes that the sentence imposed was not an abuse of discretion.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Watson, 46,572 (La.App.2d Cir.9/21/11), 73 So.3d 471. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis *991 for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. There is no requirement that specific matters be given any particular weight at sentencing. Ates, supra.
IsSecond, a sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Washington, 46,568 (La.App.2d Cir.9/21/11), 73 So.3d 440, writ denied, 11-2305 (La.4/27/12), 86 So.3d 625.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App.2d Cir.1/27/05), 920 So.2d 866, writ denied, 06-0478 (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La.App. 2d Cir.1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 638 So.2d 218 (La.1994). These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App.2d Cir.5/9/07), 956 So.2d 779, writ denied, 07-1442 (La.4/4/08), 978 So.2d 324.
The sentencing range for distribution of cocaine is a term of imprisonment at hard labor for not less than 2, nor more than 30, years, with the first 2 years being without benefit of parole, probation, or suspension of |fisentence. In addition, the sentence may include a fine of not more than $50,000. La. R.S. 40:967(A)(1). As a second felony offender, Defendant’s sentencing range was not less than one-half the longest term and not more than twice the longest term prescribed for a first offense. La. R.S. 15:529.1(A)(1). Additionally, a second felony offender is required to serve the sentence at hard labor without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G). Thus, in this case, the trial court correctly noted the sentencing range and requirements.
As the state noted, the trial court adverted to the requirements of La. C. Cr. P. art. 894.1 and reviewed the PSI; more was not required. Furthermore, while the sentencing transcript does reflect that the trial court took into account Defendant’s criminal activity that was dismissed, and the fact that his prior felony conviction for “straight possession” of cocaine had been brought down from possession of over 28 and less than 200 grams, the transcript does not indicate that the trial court gave undue weight to these matters.
Considering that Defendant was actually a third felony offender, that he had a prior felony conviction involving cocaine and that he had two prior felony arrests and numerous misdemeanors, the trial court did not abuse its discretion in imposing a 40-year sentence, which is a midrange sentence in the applicable 15- to 60-year range. This sentence does not shock the *992 sense of justice. Therefore, this assignment of error is without merit.

\ .CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant, Terrance Lynn Johnson, are affirmed.
AFFIRMED.