50,855 (La.App. 2 Cir. 9/28/16)
**STATE of Louisiana, Appellee**

v.

**Timmy Larry LAWSON, Appellant**
**No. 50,855-KA**

Court of Appeal of Louisiana,
Second Circuit.

September 28, 2016.

LOUISIANA APPELLATE PROJECT, By: Peggy J. Sullivan, Counsel for Appellant

JERRY L. JONES, District Attorney, GEARY S. AYCOCK, Assistant District Attorney, Counsel for Appellee

Before CARAWAY, DREW and MOORE, JJ.

MOORE, J.

After he was charged with DWI 5th and other charges, Timmy Lawson was permitted to plead guilty to DWI 3rd, a violation of La. R.S. 14:98(D)(1)(a), and the state agreed to dismiss the other charges.[1]

---

1. The bill of information also charged Lawson with one count of violation of the open container law (La. R.S. 32:300), one count of operating a vehicle without liability insurance (La. R.S. 32:861), one count of driving under revocation or suspension (La. R.S. 32:415), and one count of driving an unregistered vehicle (La. R.S. 32:51). At sentencing, Lawson's counsel stated that "the remaining matters will be dismissed after he's sentenced."

Lawson was sentenced to four years at hard labor and ordered to pay a fine of $2,000. The first year of the sentence was imposed without benefit of parole, probation or suspension of sentence. A timely motion to reconsider sentence was denied. Lawson now appeals his sentence as excessive. For the following reasons, we affirm.

## FACTS

Timmy Larry Lawson was stopped by a Louisiana State Trooper on October 10, 2014, after the officer observed that Lawson's vehicle had expired vehicle tags and an unrestrained passenger in the vehicle. The trooper noticed that Lawson had slurred speech and smelled of alcohol. Lawson refused a chemical blood alcohol test, and he performed poorly on field sobriety tests. He later admitted that he did not take the test because he knew he would "be at least a [.10] or just above."

The state charged Lawson by bill of information with one count of DWI 5th based upon four prior DWI convictions and other miscellaneous charges. On August 3, 2015, after validly waiving his constitutional rights, Lawson entered a plea of guilty to a reduced charge of DWI 3rd. During the guilty plea colloquy, Lawson admitted the following recitation of facts by the state:

Your Honor, on October the 10th of 2014 the defendant was operating a vehicle here in Ouachita Parish. Trooper Hollingsworth noticed that the license plate had expired, the sticker on it.

\* \* \*

And proceeded to stop him. It took a little while for Mr. Lawson to stop, but there were a number of persons in the front seat. In any event, when he activated the siren he realized he was back there. He stopped the vehicle. Got out. They found some beer—open be[e]r container—open container of beer in the vehicle along with the sleeve where you

would normally have additional beers. He could smell—Trooper Hollingsworth could smell alcohol on the defendant. He didn't want to take a chemical test, and did not desire to do—and couldn't do some of the field sobriety because of other conditions. He was arrested for the DWI and either in route or after he got down to the correctional center the defendant explained to Trooper Hollingsworth that the reason he didn't take the chemical test was he knew that he would be based on his prior experience he would be at least point one-oh or just above, somewhere in that range.

Lawson admitted that he was driving while under the influence of alcohol and above the legal limit, as well as two prior DWI convictions, on October 9, 2012, and May 5, 2008. After accepting Lawson's guilty plea, the court ordered a presentence investigation ("PSI") report.

Lawson appeared for sentencing on September 30, 2015. The court sentenced him to four years at hard labor and ordered him to pay a $2,000 fine. The first year of the sentence was imposed without benefit of probation, parole or suspension of sentence. The court referred Lawson to a substance abuse program. After a motion to reconsider sentence was denied by the trial court without a hearing, this appeal ensued.

## DISCUSSION

 In his sole assignment of error, Lawson alleges that the sentence imposed was unconstitutionally harsh and excessive given the circumstances of his case. He contends that his problems arose from substance abuse addiction, and that treatment and rehabilitation, rather than imprisonment, would be more appropriate in his case. Lawson further argues that his mistake did not harm anyone; he was not driving erratically, and he took responsibil-

ity for his actions. He maintains that his work history demonstrates that he has contributed to society when not incarcerated, and he understands what he needs to do to change his personal life.

The state opposes any reduction in Lawson's sentence, which it contends is not excessive. It notes that Lawson received a substantial benefit by being allowed to plead down from DWI 5th, which would have exposed him to a sentence of up to 30 years at hard labor and a $5,000 fine. Furthermore, Lawson did not even receive the maximum sentence for the DWI 3rd conviction.

In 2014, when the offense was committed, the sentencing range for a conviction for DWI 3rd was imprisonment with or without hard labor, for not less than one year, nor more than five years and a mandatory fine of $2,000. La. R.S. 14:98. At least one year of the sentence was required to be imposed without benefit of parole, probation or suspension of sentence. *Id.*

 We review sentences for excessiveness under a two-pronged test: First, the record must show that the trial court considered the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Johnson*, 48,320 (La.App. 2 Cir. 11/20/13), 127 So.3d 988; *State v. Watson*, 46,572 (La.App. 2 Cir. 9/21/11), 73 So.3d 471. The goal of Art. 894.1 is articulation of the factual basis for the court's sentence, not simply wooden or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Art. 894.1. *State v. Jones*, 398 So.2d 1049 (La.1981); *Johnson, supra*; *State v. Ates*,

43,327 (La.App. 2 Cir. 8/13/08), 989 So.2d 259, *writ denied*, 08–2341 (La. 5/15/09), 8 So.3d 581. The important factors to be considered are the defendant's personal history (age, family ties, marital status, health and employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Taves*, 03–0518 (La. 12/3/03), 861 So.2d 144; *State v. Thompson*, 50,392 (La.App. 2 Cir. 2/24/16), 189 So.3d 1139.

 The second prong of our review weighs the severity of the sentence imposed in light of the offense and other factors considered in the first prong. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01–2574 (La. 1/14/03), 839 So.2d 1; *State v. Dorthey*, 623 So.2d 1276 (La.1993); *State v. Shoupe*, 46,395 (La.App. 2 Cir. 6/22/11), 71 So.3d 508, *writ denied*, 11–1634 (La. 1/13/12), 77 So.3d 950. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01–0467 (La. 1/15/02), 805 So.2d 166; *Johnson, supra*; *Shoupe, supra*. To constitute an excessive sentence, a court must find that the sentence makes no reasonable contribution to acceptable penal goals. *State v. Griffin*, 14–1214 (La. 10/14/15), 180 So.3d 1262. The trial judge has wide discretion to impose a sentence within the statutory limits, and such a sentence will not be set aside as excessive absent a manifest abuse of this discretion. *State v. Williams*, 03–3514 (La. 12/13/04), 893 So.2d 7; *Shoupe, supra*.

 In cases where a defendant has pled guilty to an offense which does not

adequately describe his conduct, or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. *State v. Givens*, 45,354 (La.App. 2 Cir. 6/23/10), 42 So.3d 451, *writ denied*, 10–1584 (La. 1/14/11), 52 So.3d 902; *State v. Germany*, 43,239 (La. App. 2 Cir. 4/30/08), 981 So.2d 792; *State v. Black*, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, *writ denied*, 96–0836 (La. 9/20/96), 679 So.2d 430. Accordingly, a substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. *State v. Mendenhall*, 48,028 (La.App. 2 Cir. 5/15/13), 115 So.3d 727; *State v. Ross*, 35,552 (La.App. 2 Cir. 2/27/02), 811 So.2d 176.

The record demonstrates that the sentencing judge thoroughly and conscientiously reviewed defendant's record. He considered Lawson's PSI and three letters written by Lawson, his sister and his landlord. In his letter, Lawson detailed his downward path into alcohol abuse following his divorce, the negative impact drinking had on his employment, and other problems arising from stress and anxiety. He acknowledged that it was wrong to drink and drive, and he listed the names and telephone numbers of references, including employers and relatives.

In her letter, Lawson's sister assured the court that her brother was not a heavy drinker. She believed Lawson had taken responsibility for his actions and was not a violent criminal. She said that they were raised in a decent family, her brother had always been good to her; and he was of good character and a good person. Lawson's sister also noted that Lawson had a consistent work history and four grown children.

Lawson's landlord informed the court that he had been her tenant for almost two years and was a good tenant who paid his rent on time and that Lawson was a quiet man who stayed to himself.

Lawson made a statement in open court at his sentencing. He admitted that he needed to make some changes in his life, and that after his divorce he had been a "bit careless on certain situations." Lawson stated that he had a good career and wanted to "regain that and do some corrections in my lifestyle." Lawson's counsel added that Lawson's job as a quality control electrical inspector required a high level of concentration and diligence.

The court noted its considerable deliberation over Lawson's case and the Art. 894.1 factors. The court reviewed the facts on the record, taking into account that Lawson was significantly impaired when he was stopped and even admitted that his blood alcohol would have been over the legal limit. The court also considered that Lawson, who was born in 1959, was not a youthful offender and had prior convictions.

Reviewing his criminal history, the court noted that Lawson pled guilty to theft in 1976, pled down from simple burglary, and received a suspended sentence of one year and two years' supervised probation. Next, he pled guilty to attempted possession of marijuana in 1978 and was arrested for another possession of marijuana offense in 1978, with no disposition shown. Lawson was arrested in 1979 for operating a vehicle while intoxicated and negligent driving; those charges were dismissed. In 1984, he was arrested for operating a vehicle with a suspended license and paid a fine. In 1999, he was charged with two counts of simple battery, and in 2003, false impersonation of a police officer, resisting an officer, failure to have proper signals and careless operation. All these charges were dismissed.

Lawson's first DWI conviction occurred in 2004, when he pled guilty as charged

and received a fine and a suspended sentence of 90 days in jail with 24 months' supervised probation. In 2004, Lawson was charged with simple battery, but pled guilty to disturbing the peace and received a $250 fine. In 2008, he pled guilty to DWI 1st, for a 2006 arrest, and was sentenced to 90 days in jail, suspended, with 24 months' supervised probation and a $750 fine. In 2007, he was arrested for traffic offenses including possession of alcohol in a motor vehicle, but these charges were dismissed. In 2008, he was arrested again and pled guilty to DWI 2nd; he was sentenced to 90 days in jail, with all but 20 days suspended, 24 months' supervised probation and a fine of $1,000. In 2012, Lawson pled guilty to DWI 3rd; he was sentenced to three years at hard labor with credit for time served. The court noted that this offense was committed only four years before the present offense. Finally the court noted that the present offense qualified as Lawson's DWI 5th offense, although he was allowed to plead guilty to a reduced charge.

The court also noted that Lawson was placed on misdemeanor probation three times for DWI 1st offense convictions, which militated strongly against another probated sentence. The court noted that Lawson had received a hard labor sentence for this very offense just four years prior and had not changed his behavior. The court considered that in 2012 Lawson was released on good-time parole supervision from his 2010 DWI 3rd conviction, but was stopped for the present offense the day after he completed his term of supervision satisfactorily.[2]

The court reviewed Lawson's social history. He was born in Monroe, is now in his 50s; his parents divorced when he was 13 years old, and he moved to Alexandria with his mother until he was 16 years old; he then moved back to Monroe with his father and attended high school. He attended a trade school where he took up drafting; he took university classes in electrical design; and had a lengthy employment history in electrical design and drafting. Lawson's longest term of employment was 22 years and he had been employed since the age of 15. Lawson was the divorced father of four children: his oldest son graduated from college as an accountant; his second son served in the military and was a biologist; his third son was a factory worker; and his daughter was currently studying veterinary medicine.

The court observed that Lawson had never attempted any kind of treatment for his substance abuse. Lawson informed the court that he had never done so because of his work; he admitted that he had an alcohol substance abuse problem.

The court next reviewed the sentencing range for DWI 3rd offense, noting that the minimum was one year without benefits and the maximum was five years. Although it had the discretion to suspend the balance of Lawson's sentence, the court did not think Lawson was a candidate for a probated sentence. The court rightly noted that Lawson received a substantial benefit in sentencing exposure from being allowed to plead guilty to DWI 3rd offense.

The court then methodically listed for the record the guidelines for imprisonment, under Art. 894.1 A, finding that all applied, and the guidelines for suspension or probation, under Art. 894.1 B, finding only one aggravating factor, in that Lawson created a risk of death and great bodily harm by driving under the influence. The court considered it fortunate,

---

**2.** The PSI indicates that Lawson actually had "one day left on supervision" when he was arrested on the present offense.

however, that Lawson did not harm himself or anybody else.

The court sentenced Lawson to four years at hard labor and ordered him to pay a fine of $2,000, plus costs,[3] with no default time. The first year of the sentence was imposed without benefit of probation, parole or suspension of sentence. The court noted that it did not give Lawson the maximum sentence, although the facts warranted it, and the court gave him some benefit for accepting responsibility. The court also referred Lawson to a substance abuse program, recommending that he receive treatment to reduce his dependency on alcohol. The court properly advised Lawson of his post-conviction relief rights and gave him credit for time served.

Clearly, the record demonstrates exemplary compliance with Art. 894.1 by the trial judge. The sentence was thoughtfully and individually tailored to this defendant. Moreover, four years for this defendant does not shock the sense of justice.

Accordingly, we conclude that the sentence imposed is not excessive.

### CONCLUSION

For the reasons stated above, the defendant's conviction and sentence are affirmed.

**AFFIRMED.**

2015-804 (La.App. 3 Cir. 10/19/16)

---

3. The costs and fines were imposed by the court as a condition of Lawson's parole.