LOLLEY, J.
11 This appeal arises from the Fourth Judicial District Court, Ouachita Parish, State of Louisiana. After being charged with second degree murder, the defendant, Reginald James Lee, pled guilty to manslaughter and was sentenced to 30 years at hard labor. Lee now appeals, arguing that his sentence is excessive. For the following reasons, we affirm the defendant’s conviction and sentence.
Facts
In the early morning hours of July 2, 2007, Lee and his fiancee, Jackie Mitchell, left the Mandalay Club and returned to their house on Greenwood Street in West Monroe, Louisiana, where they lived with Mitchell’s four children. One of Mitchell’s daughters was pregnant at the time, and Wilfred Stewart was the father. When Lee and Mitchell arrived at the house, several of the kids and Stewart were sitting on the porch. Lee saw that Stewart had backed his car into the ditch.
There is some discrepancy as to what precisely happened next, but there is no dispute that a physical altercation ensued between Lee and Stewart. Based on witness statements and the location of the gun and the shell casings, the state maintains that after the physical altercation, Lee and Stewart were separated and Stewart went down the street to cool off. At that point, Lee got the gun out of Stewart’s car and proceeded to follow Stewart down the street. After another argument, and a possible struggle over the gun in the street, Lee fired two shots. Stewart was shot once on the left side of the front of his neck. Stewart ran off and fell to the ground between two houses, which were located several houses down the street from Mitchell’s house. Stewart was taken to the hospital, where he later died.
|2Lee was arrested and subsequently charged with second degree murder. However, he later pled guilty to the responsive charge of manslaughter, a violation of La. R.S. 14:31. There was no agreement on sentencing. After reviewing the facts of this case and a presentence investigation report (“PSI”), the trial court sentenced Lee to 30 years at hard labor.
Lee timely filed a motion to reconsider sentence, arguing that his sentence was excessive in light of the hardship on his family and the trial court’s failure to adequately consider the mitigating factors. Although the matter was set for a hearing, the hearing was never held.[1] Five years *208 later, on June 5, 2015, Lee filed a pro se motion to reconsider sentence, which was denied by the trial court. Lee now appeals his sentence.
Discussion
In his only assignment of error, Lee argues the trial court erred by imposing the sentence of 30 years at hard labor, maintaining that under the facts and circumstances of this case, his sentence violates all provisions against excessive sentences. Specifically, Lee contends that the trial court failed to give sufficient consideration of mitigating factors, those being: he was only 34 years old at the time of sentencing; he was released on bond after being charged in connection with this case; he accepted responsibility for his actions; he had no significant criminal history as all of his prior convictions were for traffic violations or misdemeanors; and, he had a consistent employment history, Lee further argues he is not the worst of | ^offenders, this sentence will constitute an undue hardship on his seven children, and the trial court did not consider the likelihood of rehabilitation.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show the trial court took cognizance of the criteria set forth in La. C. Cr. P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Johnson, 48,320 (La.App. 2 Cir. 11/20/13), 127 So.3d 988. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. Art. 894.1. State v. Jones, 398 So.2d 1049 (La. 1981); Johnson, supra-, State v. Ates, 43,327 (La.App. 2 Cir. 08/13/08), 989 So.2d 259, writ denied, 2008-2341 (La. 05/15/09), 8 So.3d 581. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, and employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 2003-0518 (La. 12/03/03), 861 So.2d 144; State v. Thompson, 50,392 (La. App. 2 Cir. 02/24/16), 189 So.3d 1139.
Second, a sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Allen, 49,642 (La.App. 2 Cir. 02/26/15), 162 So.3d 519, writ denied, 2015-0608 (La. 01/25/16), 184 So.3d 1289. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 01/15/02), 805 So.2d 166; State v. Sims, 49,682 (La.App. 2 Cir. 02/27/15), 162 So.3d 595, writ denied, 2015-0602 (La. 02/5/16), 186 So.3d 1161.
The trial court has wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Diaz, 46,750 (La.App. 2 *209 Cir. 12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Free, 46,894 (La.App. 2 Cir. 01/25/12), 86 So.3d 29.
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Mendenhall, 48,028 (La.App. 2 Cir. 05/15/13), 115 So.3d 727; State v. Ross, 35,552 (La. App. 2 Cir. 02/27/02), 811 So.2d 176. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Givens, 45,354 (La.App. 2 Cir. 06/23/10), 42 So.3d 451, writ denied, 2010-1584 (La. 01/14/11), 52 So.3d 902; State v. Germany, 43,239 (La.App. 2 Cir. 04/30/08), 981 So.2d 792.
| .^Louisiana R.S. 14:31(B) provides that a person convicted of manslaughter shall be imprisoned at hard labor for not more than 40 years.
Here, although the sentence is near the maximum sentence, the trial court did not abuse its discretion in sentencing Lee to 30 years at hard labor. As mitigating factors, the trial court noted that Lee was out on bond on this charge for more than a year without any problems and was gainfully employed, having worked at the same restaurant for 11 years. However, in ultimately sentencing Lee to 30 years at hard labor, the trial court considered Lee’s criminal history more compelling. It noted that Lee had a history of violence with guns, which began when he was 18 years old. In 1993, Lee was convicted of drawing and displaying a weapon. Regarding that incident, defense counsel noted that Lee had taken a gun away from a juvenile who had discharged it, and Lee had the gun in his possession when officers arrived. In 1994, Lee was convicted of disturbing the peace, and in 1996, he was arrested for cruelty to a juvenile/child neglect, which was later dismissed. In 1996, Lee was convicted in connection with a fistfight, where Lee, while working at Taco Bell, was pushed by a customer; he responded by hitting the customer twice in the face. The trial court noted Lee’s two domestic simple battery convictions and several traffic-related convictions. Further, in 2004, Lee was charged with aggravated assault, arising from an incident in which he allegedly pointed a gun at the father of Mitchell’s daughter’s first child. However, due to conflicting statements, indicating that the other man had the gun, prosecution on that charge was declined. The trial court recognized that although Lee was involved in relatively minor matters, for the most part, Lee’s criminal history indicated that he has a temper and a propensity to engage in fights.
|fiFurther, at the sentencing hearing the trial court heard a victim impact statement from the victim’s uncle, Brian Spencer, who spoke of the loss his family sustained as a result of Lee’s actions. Spencer noted that the victim’s girlfriend was pregnant at the time of his death and his family has not been able to see the child because the girlfriend moved away.
Lee’s 30-year sentence, even though on the higher end of the sentencing range, is not excessive. In sentencing him, the trial court adequately considered the facts of this case, the information in the PSI, and the applicable sentencing factors set forth in La. C. Cr. P. Art. 894.1. Following a physical altercation, the victim walked away to cool off, but Lee grabbed a gun from the victim’s car, followed him down the street, and shot and killed the victim with the victim’s own gun. Further, Lee *210 received a substantial benefit from the plea agreement, which reduced his sentencing exposure from a mandatory sentence of life in prison without benefits for second degree murder to a maximum sentence of 40 years at hard labor for manslaughter. Considering the senseless nature of Lee’s crime and the benefit he received from the plea agreement, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. This assignment of error is without merit.
Error Patent
Our review of the record shows the trial court did not properly advise Lee of the time period within which to apply for post-conviction relief under La. C. Cr. P. Art. 930.8. At sentencing, the trial court advised Lee that he had “two years from the date of finality of this conviction” to file an application for post-conviction relief. The failure to properly advise the |7defendant is not grounds to vacate the sentence and remand for resentencing. State v. Baker, 49,175 (La.App. 2 Cir. 08/27/14), 148 So.3d 217. This court hereby notifies Lee that he has two years from the date that his convictions and sentences have become final under La. C. Cr. P. Art. 914 or 922 to file any applications for post-conviction relief. State v. Parker, 49,009 (La.App. 2 Cir. 05/15/14), 141 So.3d 839.
Conclusion
For the foregoing reasons, the conviction and sentence of Reginald James Lee is affirmed.
AFFIRMED.

. In his pro se motion to reconsider sentence, Lee states that his attorney died after filing the initial motion to reconsider sentence, which was set for a hearing and then continued. It appears that the original motion to *208 reconsider sentence was never considered by the trial court.