STONE, J.
The defendant, Dora Blake, pled guilty to one count of manslaughter in violation of La. R.S. 14:31. Blake was sentenced to 40 years at hard labor. On appeal, she *1028 argues her sentence is excessive. For the following reasons, we affirm her conviction and sentence.
FACTS
On November 21, 2015, Dora Blake ("Blake") was sitting as a rear passenger in a vehicle driven by her son, Patrick Watkins ("Watkins"). A third occupant, Penny Knight-Franklin ("Knight-Franklin"), was sitting in the front passenger seat of the car. The trio had just left from celebrating Blake's birthday at a casino and were traveling east on I-20 in Bossier Parish, Louisiana. According to a witness, the vehicle driven by Watkins suddenly veered off the roadway and crashed into a tree line off the Interstate. Blake exited the vehicle and stated she had been kidnapped, but that she had shot her captors. An investigation into the incident revealed Blake shot Knight-Franklin in the back and Watkins in the head. Watkins was pronounced dead at the scene as a result of the gunshot wound. Containers of alcohol were found in the back seat where Blake was sitting.
Blake was subsequently charged by bill of indictment with the second degree murder of Watkins in violation of La. R.S. 14:30.1. Blake was charged in a separate bill of information with the attempted second degree murder of Knight-Franklin in violation of La R.S. 14:30.1 and 14:27.
On May 23, 2017, pursuant to an agreement with the state, Blake pled guilty to the manslaughter of Watkins in violation of La. R.S. 14:31. In exchange for her plea, the state agreed to refrain from charging Blake as a habitual offender and to nolle prosequi the attempted second degree murder charge. There was no agreement concerning the sentence to be imposed. Prior to accepting her guilty plea, the trial court informed Blake of her constitutional rights pursuant to Boykin v. Alabama , 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969), including her right against self-incrimination, her right to confront and cross-examine her accusers, and her right to a jury trial. Blake stated she understood her rights and wished to waive them by pleading guilty. Thereafter, the trial court accepted Blake's guilty plea and ordered the preparation of a presentence investigation ("PSI") report.
Blake's sentencing hearing was conducted on June 27, 2017. After articulating the mitigating and aggravating factors of the case, the trial court sentenced Blake to 40 years at hard labor. On June 29, 2017, Blake filed a motion to reconsider sentence, citing her intoxication at the time of the offense and her long history of alcoholism. The trial court denied the motion. Blake now appeals arguing her sentence is excessive.
DISCUSSION
The offense of manslaughter is punishable by imprisonment at hard labor for not more than 40 years. La. R.S. 14:31. Blake argues the trial court's imposition of the maximum sentence for manslaughter is excessive considering the mitigating circumstances of the case. Blake asserts she is an alcoholic, suffers from depression, and has no memory of the shooting resulting in her son's death. Since she is 47 years old, Blake contends her 40-year sentence will likely prove to be a life sentence.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects the court adequately considered the guidelines of the article. State v. Smith , 433 So.2d 688 (La. 1983) ;
*1029 State v. Lathan , 41,855 (La. App. 2 Cir. 2/28/07), 953 So.2d 890, writ denied , 2007-0805 (La. 3/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982) ; State v. Swayzer , 43,350 (La. App. 2 Cir. 8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones , 398 So.2d 1049 (La. 1981) ; State v. Ates , 43,327 (La. App. 2 Cir. 8/13/08), 989 So.2d 259, writ denied , 2008-2341 (La. 5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker , 41,547 (La. App. 2 Cir. 12/13/06), 945 So.2d 277, writ denied , 2007-0144 (La. 9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey , 623 So.2d 1276 (La. 1993) ; State v. Bonanno , 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166 ; State v. Robinson , 40,983 (La. App. 2 Cir. 1/24/07), 948 So.2d 379.
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Mendenhall , 48,028 (La. App. 2 Cir. 5/15/13), 115 So.3d 727 ; State v. Ross , 35,552 (La. App. 2 Cir. 2/27/02), 811 So.2d 176. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Givens , 45,354 (La. App. 2 Cir. 6/23/10), 42 So.3d 451, writ denied , 10-1584 (La. 1/14/11), 52 So.3d 902 ; State v. Germany , 43,239 (La. App. 2 Cir. 4/30/08), 981 So.2d 792 ; State v. Black , 28,100 (La. App. 2 Cir. 2/28/96), 669 So.2d 667, writ denied , 96-0836 (La. 9/20/96), 679 So.2d 430.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Thompson , 2002-0333 (La. 4/9/03), 842 So.2d 330 ; State v. Robinson , 49,677 (La. App. 2 Cir. 4/15/15), 163 So.3d 829, 844, writ denied , 2015-0924 (La. 4/15/16), 191 So.3d 1034.
At Blake's sentencing hearing, the trial court noted it considered aggravating and mitigating factors from its review of the PSI report and facts of the case. The trial court read a statement prepared by Blake wherein she described her lengthy history of alcoholism and drug addiction. She attributed her actions on November 21, 2015, to the fact that she was highly intoxicated and claimed to have no recollection of shooting her son or Knight-Franklin. The trial court also referenced a *1030 statement by Watkins' father detailing the emotional and financial losses he suffered as a result of his son's death. Watkins' father requested the trial court impose the maximum sentence on Blake.
Prior to sentencing Blake to 40 years at hard labor, the trial court discussed numerous aggravating factors, including: 1) Blake's criminal history, which consisted of a 2011 simple arson conviction; 2) Blake's actions constituted deliberate cruelty to her victims; 3) Blake knowingly created a risk of death or great bodily harm to more than one person; 4) Blake used actual violence in commission of the offense; 5) the offense resulted in significant economic injury to the victim's family; 6) the offense involved multiple victims; and 7) Blake foreseeably endangered human life during the commission of the offense. The trial court highlighted Blake's history of alcoholism and steady employment record as mitigating factors against a lengthy sentence. However, the trial court felt those mitigating factors were appraised in the state's generous plea offer.
After a review of the record, we cannot find the trial court was manifestly erroneous in sentencing Blake to the maximum allowable sentence for manslaughter. The trial court considered Blake's alcoholism and work history but found these mitigating factors were outweighed by the aggravating ones. In her prepared statement, Blake asserted "[i]f she had known about treatment and AA meetings, maybe this would not have happened." However, the trial court found it difficult to believe Blake was not provided with opportunities to seek substance abuse help. Prior to pleading guilty to simple arson in 2011, Blake was initially charged with aggravated arson and alcohol was involved in the commission of the offense. Blake received a suspended five-year hard labor sentence with three years of supervised probation. The trial court stated Blake most likely had "every opportunity" to obtain substance abuse treatment during her probation, but instead, chose to continue drinking until something horrific occurred.
While the sentence imposed is the maximum permitted by law, it is not constitutionally excessive. By pleading guilty to manslaughter, Blake benefited through the state's agreement to not file a habitual offender bill and to nolle prosequi the attempted second degree murder charge. However, and unfortunately, the facts of this case depict a tragedy that could have been avoided. As stated by the trial court, Blake desperately needs correctional treatment that can be provided most effectively by her commitment to an institution. Considering the tragic facts of this case, and the risk of harm Blake created for Watkins, Knight-Franklin, and other motorists on I-20 the night of the incident, we find the imposed sentence is not a purposeless and needless infliction of pain and suffering, nor is it disproportionate to the offense.
CONCLUSION
For the foregoing reasons, Blake's conviction and sentence are affirmed.
AFFIRMED.