| .PEATROSS, J.
Defendant, Glenn E. Howard, was charged with attempted manufacture of methamphetamine, in violation of La. R.S. 40:967 and 40:979, and possession of methamphetamine with intent to distribute, in violation of La. R.S. 40:967. On remand from an earlier appeal in this matter, the trial court sentenced Defendant to serve eight years on each count, with five years suspended and subsequent probation, and imposed a fine of $2,500 on each count and one cost of court. For the reasons stated herein, Defendant’s sentence is amended to delete the fines and costs imposed by the trial court and, as amended, the sentence is affirmed.

BACKGROUND

This criminal case comes to this court on appeal for the third time. The continuing issues involve sentencing.
In December 2001, Franklin Parish Sheriff’s deputies, acting on a tip from a reliable informant, discovered that Defendant and several individuals were manufacturing methamphetamine at Defendant’s camp house. A consent search resulted in the seizure of material used in the production of methamphetamine as well as finished product, marijuana and several firearms. This court previously affirmed Defendant’s convictions on reduced charges of attempted manufacture of methamphetamine and possession of methamphetamine with intent to distribute. See State v. Howard, 37,580 and 37,581 (La.App.2d Cir.9/24/03), 855 So.2d 881. According to the terms of the plea bargain, the sentences were to be concurrent; and, in exchange for Defendant’s agreement to a civil forfeiture |2of his hunting camp where the manufacture took place, the parties and the court agreed there would be no further imposition of fines or costs.
The trial court initially imposed concurrent sentences of ten years on both counts. The sentences were suspended and Defendant was placed on supervised probation for five years. The State moved for reconsideration, arguing that the sentence for the attempted manufacture required a minimum term of five years which had to be served without benefits. The trial court agreed, granted the State’s motion and re-sentenced Defendant to five years on each count, to be served concurrently, with the sentence for the attempted manufacture to be served without benefits. State v. Howard, supra.
Defendant moved for rehearing, urging that there was no mandatory minimum for an attempted offense. This court agreed and remanded for re-sentencing. State v. Howard, supra.
On remand, which brings us to this appeal, the trial court imposed concurrent *982 sentences of eight years on both counts, with five years of the sentences to be suspended and Defendant to be on probation upon his release from incarceration. The court also imposed fines of $2,500 on each count and one cost of court. Defendant’s oral motion for reconsideration of sentence was denied and this appeal followed. Defendant now appeals, raising the following assignments of error (verbatim):
1. The Trial Court erred in imposing an unduly harsh and excessive sentence under the facts and circumstances of the case;
2. The Trial Court erred in imposing a fine and costs of court in violation of the agreement entered into at the time of Mr. Howard’s plea; and,
|a3. The denial of the Motion to Reconsider Sentence by the Trial Court was error.

DISCUSSION

It should be noted that Defendant did not file a motion for reconsideration of sentence in the first appeal. The oral motion made in the instant proceedings did not specify any particular basis for exces-siveness. ■
The jurisprudence holds that not only must a motion for reconsideration be timely filed with the trial court, but the motion must also contain a specific ground upon which the motion may be based. Failure to specify a ground for relief “shall preclude the ... defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal.” La. C. Cr. P. art. 881.1(E); State v. Barnes, 607 So.2d 872 (La.App. 2d Cir.1992). In such a circumstance, the defendant is simply relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
Prior to imposing the most recent sentence, the trial court reviewed the facts of the case and considered a PSI report. Defendant was a first-felony offender, age 52. He owned the camp where the methamphetamine was being manufactured; however, the court believed he was more a user than a distributor. The court noted that the camp had been forfeited. UDefendant had been laid off from work temporarily, but his employer had stated an intent to rehire him. Defendant had never married and had no children. As previously stated, the court imposed concurrent sentences on each count consisting of imprisonment at hard labor for eight years, with five years suspended, supervised probation for five years, a fine of $2,500 on each count and one cost of court.
The original charge, manufacture of methamphetamine, La. R.S. 40:967, in effect at the time of the offense, December 31, 2001, carried a sentencing range of 10 to 30 years, at least 10 of which were to be served without benefits, plus a fine of not more than $500,000. The possession with intent charge carried a range of 2 to 30 years, plus a fine. As a result of his plea bargain, Defendant’s exposure was reduced to 0 to 15 years, with no minimum mandatory, and he avoided any fine. Thus, he received a substantial benefit from his plea bargain.
On the showing made, there is no abuse of discretion such that the term of *983 imprisonment could be deemed excessive. The fines and court costs imposed, however, violated the plea bargain and are “illegal.” In its brief, the State concedes that the imposition of fines and cost of court was error. Accordingly, Defendant’s sentence is hereby amended to delete the portion imposing fines and costs. See La. C. Cr. P. art. 882(A).

DECREE

For the foregoing reasons, Defendant’s, Glenn E. Howard, sentence is amended to delete that portion of the sentence imposing fines and costs. As amended, Defendant’s sentence is affirmed.
AMENDED, AND, AS AMENDED, AFFIRMED.