CARAWAY, J.
| j After a jury convicted Robert Miles of possession of cocaine, he pled guilty to being a second felony habitual offender and was sentenced to 8 years at hard labor. He appeals arguing only that his sentence is excessive. We affirm.

Facts

On August 13, 2012, at around 7:30 a.m., officers of the Shreveport Police Department responded to calls concerning shots being fired. The description of the suspect given to officers was a black male of medium build who was relatively short, less than 6 feet tall, and wearing a dark top. Upon arriving at the scene, Corporal M. Shultz heard several additional shots. Thereafter, Shultz observed Robert Miles, who fit the description of the suspect, walking through a nearby field. Corporal Shultz approached Miles and asked him to stop, but he kept walking. Miles ran to a neighboring house and knocked on the door, but the occupant slammed the door in his face. Another officer arrived on the scene and Miles surrendered. Miles was detained and patted down, but no weapons were found.
When Officer Eric Swartout arrived, Miles was already handcuffed and in the back of a police car. Officer Swartout searched Miles and inside of his front right pants pocket found a cigarette package. *917 “Sticking out” of the cigarette package was a blue cellophane Baggie containing about one gram of cocaine. In the area of Miles’ apprehension, Corporal Shultz located five 9mm shell casings. When Miles was searched at the jail, a 9mm live round was found in his pocket. The markings on that bullet matched other casings found at the scene.
|20n October 8, 2012, Miles was charged by bill of information with possession of a Schedule II CDS, cocaine, in violation of La. R.S. 40:967, and illegal use of weapons or dangerous instrumentalities, in violation of La. R.S. 14:94. Miles waived formal arraignment and entered a plea of not guilty.
A jury trial began on February 25, 2013. The jury found Miles guilty as charged of possession of cocaine but acquitted him of illegal use of weapons or dangerous instru-mentalities. Motions for new trial and post-verdict judgment of acquittal were denied by the trial court.
On March 4, 2013, the trial court sentenced Miles to 5 years’ hard labor, to run concurrently with any other sentence he may be serving, plus a fine of $1,000 and court costs, or serve 60 days in jail.
On that same date, the state filed a habitual offender bill of information charging Miles as a fourth felony offender. Specifically, the bill alleged that in addition to the instant conviction for possession of cocaine, Miles had previously been convicted of possession of a Schedule II CDS on September 7, 1995, criminal damage to property on September 2, 2000, illegal use of weapons on March 30, 2004, and simple burglary on March 31, 2008. Miles waived formal arraignment and pled not guilty.
On April 9, 2013, the state filed an amended habitual offender bill charging Miles as a second felony offender, based only on his prior conviction for simple burglary.
Miles pled guilty to being a second felony habitual offender and waived sentencing delays. The court vacated the prior sentence and |ssentenced Miles to 8 years at hard labor, concurrent with any other sentence he may be serving.
The defense filed a motion to reconsider sentence on April 17, 2013, arguing only that the sentence imposed was constitutionally excessive. The trial court denied the motion on April 18, 2013, without a hearing. This appeal followed.

Discussion

Miles argues that the 8-year sentence is excessive and disproportionate to the severity of the crime. He contends that he is a drug user, rather than a peddler or distributor, suggesting a need for treatment or rehabilitation. Miles points out that he was not convicted of illegally using a firearm and there was no physical harm to anyone in this case. He further notes that sentencing was very brief and that the trial court failed to order or receive a presentence investigation report. He also contends that the trial court did not adequately consider any mitigating factors, nor did it tailor the sentence to him.
Failure to specify a ground for relief shall preclude the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal. La.C.Cr.P. art. 881.1(E); State v. Blanche, 47,014 (La.App.2d Cir.4/25/12), 92 So.3d 508; State v. Howard, 38,787 (La.App.2d Cir.8/18/04), 880 So.2d 980. In such a circumstance, this court has held that the defendant is relegated to having the appellate court consider the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Because Miles raised only a claim of excessiveness in his |4motion to reconsider sentence, his sentence review is limited to the bare excessive sentence claim.
*918 La. R.S. 40:967(0(2) provides for imprisonment with or without hard labor for not more than 5 years and, in addition, a possible fíne of not more than $5,000 for the crime of possession of cocaine.
Louisiana’s Habitual Offender Law provides that if the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. La. R.S. 15:529.1.
A sentence is constitutionally excessive in violation of La. Const, art. I, § 20, if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Bonanno, 384 So.2d 355 (La.1980); State v. Blanche, supra. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Blanche, supra.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Blanche, supra.
The sentencing range for Miles, a second felony offender convicted of possession of cocaine, was not less than 2-1/2 nor more than 10 years at hard labor. Thus, Miles’ sentence of 8 years at hard labor is within the statutory range. The record shows that Miles was 47 years old at the time of the instant crime and was found to be in possession of one gram of cocaine. His criminal history includes prior convictions for possession of a Schedule II CDS, criminal damage to property, illegal use of weapons, and simple burglary.[1] Although not clear that the amended bill was part of a plea agreement, the record shows that the state allowed Miles to plead guilty as a second felony offender, rather than charging him as a fourth. If adjudicated a fourth felony offender, he would have faced a sentence exposure of 20 years to life imprisonment. Thus, Miles benefitted substantially from reduced sentence exposure.
Considering these facts, we find that Miles’ sentence is not constitutionally excessive. His criminal record includes a prior drug offense for which he has failed to benefit from prior leniency in sentencing. The remainder of his criminal record shows an overall lack of rehabilitation. Moreover, he benefitted greatly from the reduced sentencing exposure afforded him through his guilty plea. In these circumstances, we find that the sentence imposed does not shock the sense of justice, nor is it | ^disproportionate to the severity of the offense. Therefore, this assignment of error is without merit.
AFFIRMED.

. Although the record shows that no presen-tence investigation report was ordered, the trial court was not required to order such. State v. Collins, 32,409 (La.App.2d Cir.9/22/99), 763 So.2d 618.