GARRETT, J.
|T The defendant, Kenneth Washington, pled guilty to felony carnal knowledge of a juvenile and was sentenced to five years at hard labor. He appeals his sentence as excessive. We affirm.
FACTS
Between May 31, 2012, and June 7, 2012, the 18-year-old defendant (DOB 9/30/93) engaged in sexual intercourse with a 13-year-old girl (DOB 3/14/99) on two occasions. The defendant was charged with one count of felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80. On July 22, 2013, the defendant pled guilty to this offense. As part of a plea agreement, the State nolle prossed another pending charge.[1] The defendant was properly Boykinized and no promises were made as to the sentence which would be imposed. After accepting the plea, the trial court ordered a presentence investigation (PSI) report.
On September 9, 2013, the defendant came before the court for sentencing. After reviewing the PSI report, the trial *785 court noted on the record that the defendant had been admonished at least twice by the girl’s grandfather as to her youth.[2] Despite these warnings, the defendant was found in bed with the girl by the police. The trial court read into the record a letter from the defendant in which he admitted his guilt and apologized. However, he then sought to mitigate his culpability by asserting that the girl lied about her age.
|9The trial court considered the defendant’s criminal history. The PSI indicated that in June 2012 the defendant was arrested for three counts of simple burglary and one count of attempted simple burglary. On November 16, 2012, as part of a plea bargain, he pled guilty to one count of simple burglary and the other charges were nolle prossed. In January 2013, he was sentenced to three years at hard labor, with all but six months being suspended, and three years of probation upon release.
As to the defendant’s social history, the trial court observed that the defendant was raised by his mother because his father had been incarcerated most of the defendant’s life. The defendant began smoking marijuana in seventh grade and dropped out of school in the eighth grade. His only work experience was a short stint at McDonald’s.
After reviewing all of these considerations, the trial court imposed a midrange sentence of five years at hard labor. No fine or court costs were imposed. Factors specifically emphasized by the trial court as weighing in favor of this sentence included the prior warnings the defendant was given as to the young girl’s age, his limited work history, his drug usage, and his recent criminal history. The trial court gave the defendant credit for time served on this particular charge only. It also recommended the defendant receive substance abuse treatment and obtain his GED while incarcerated.[3]
|sThe defendant filed a motion for reconsideration of sentence which merely asserted excessiveness. It was denied without hearing. This appeal follows.
LAW
Felony carnal knowledge of a juvenile is committed when a person who is 17 years of age or older has sexual intercourse, with consent, with a person who is 13 years of age or older but less than 17 years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater. La. R.S. 14:80(A)(1). Lack of knowledge of the juvenile’s age shall not be a defense. La. R.S. 14:80(C). Whoever commits this offense shall be fined not more than $5,000, or imprisoned, with or without hard labor, for not more than 10 years, or both. La. R.S. 14:80(D)(1).
Where the defendant’s motion to reconsider sentence alleges mere exces-siveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Jones, 48,624 (La.App.2d Cir.1/22/14), 132 So.3d 505.
*786 A sentence is constitutionally excessive in violation of La. Const. Art. I, § 20, if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Bonanno, 384 So.2d 355 (La.1980); State v. Miles, 48,830 (La.App.2d Cir.2/26/14), 136 So.3d 916. A sentence is deemed grossly |4disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Miles, supra.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La.4/9/03), 842 So.2d 330; State v. Miles, supra.
DISCUSSION
The defendant argues that the sentence is excessive due to his youth and limited education. He contends that he is remorseful and that the sentence is merely punitive and will not rehabilitate him. On the other hand, the state asserts that the sentence is appropriate due to the circumstances of the offense, the defendant’s criminal history, and drug use.
The five-year sentence imposed by the trial court fell within the midrange of possible sentences. Circumstances taken into account by the trial court included the fact that the defendant was warned by the girl’s grandfather about her young age. We note that the PSI reflects that the defendant had been banned from the apartment complex where the girl and her grandfather resided. Despite this and the steps taken by the grandfather to protect his vulnerable granddaughter, the defendant continued his illicit conduct. He was discovered by the police in bed with the girl. According to the PSI, the defendant’s first version to the police concerning what | «¡happened was that he and the girl had fallen asleep in her bed after kissing and touching. Although the defendant did eventually admit to two incidents of sexual intercourse, he was initially untruthful. These events were obviously disturbing to the victim’s grandfather, who had undertaken numerous measures to protect his granddaughter from the older defendant. The girl’s grandfather asked for a lengthy jail sentence in order “to feel justice has been served in this matter.”
The defendant also had a disturbing criminal history involving multiple felony offenses. However, because the instant offense occurred before his burglary conviction, the defendant only faced sentencing here as a first felony offender with two felonies. We note that the PSI indicated that the defendant also had a juvenile record. Additionally, the defendant is a school dropout with a meager work record and a substance abuse problem.
Based upon all of these factors, we find no abuse of the trial court’s discretion in the imposition of the midrange five-year sentence.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The record suggests that it was a charge of entry after being forbidden.

. Although the record indicates that the grandfather told the defendant that the girl was only 15 years old, the date of birth in the amended bill of information demonstrates that she was actually 13 years old at the time of the offense.

. Pursuant to La. R.S. 15:541(24)(a), 15:542, 15:544, the defendant will also be required to register as a sex offender for a period of 15 years from the date of his initial registration.