BROWN, CHIEF JUDGE.
| defendant, Robert J. Moody, was convicted of a forcible rape that occurred on October 6, 2012, in violation of La. R.S. 14:42.1.[1] On appeal, this Court affirmed Moody’s conviction but vacated his sentence and remanded for resentencing, noting that the underlying crime of conviction required that at least two years of the sentence be served without parole. State v. Moody, 50,001 (La.App. 2d Cir. 09/30/15), 178 So.3d 1031. On remand, the trial court resentenced Moody to the same term of 55 years, without benefit of probation and suspension of sentence and required that the first two years of the sentence be served without benefit of parole. Moody filed a timely motion to reconsider sentence which was denied. He now appeals the sentence as excessive. We affirm the sentence but remand for the sole purpose of compliance with the sex offender notification and registration requirement. La. R.S. 15:542-543.1.
Discussion
Moody argues that the imposed sentence is unconstitutionally harsh and excessive and that the trial court erred in failing to grant his motion to reconsider sentence. Moody contends that the trial court initially deemed a 25-year sentence to be appropriate, but more than doubled the jail time upon his adjudication as a multiple offender without any new information regarding his criminal or social history. This increase, according to Moody, effectively constitutes the imposition of a life sentence. Moody also argues that the trial court’s focus on the fact that he never admitted his guilt as an | aaggravating factor was an improper consideration of his choice to go to trial. Moody complains that *266 the 55-year term was no more than a needless imposition of pain and suffering and fails to contribute to the ends of justice.
For the crime of forcible rape at the time of the offense, Moody faced potential imprisonment at hard labor for not less than five years, nor more than 40 with at least two years of the sentence without benefit of probation, parole, or suspension of sentence. La. R.S. 14:42.1. For his second-felony adjudication, Moody faced potential sentencing exposure of not less than 20 years, nor more than 80 years at hard labor without the benefit of probation or suspension of sentence and at least two years without benefit of parole. La. R.S. 14:42.1; La. R.S. 15:529.1(G).
A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La. 01/15/02), 805 So.2d 166; State v. Johnson, 48,320 (La.App. 2d Cir. 11/20/13), 127 So.3d 988. To constitute an excessive sentence, a court must find that the sentence makes no reasonable contribution to acceptable penal goals. State v. Griffin, 14-1214 (La. 10/14/15), 180 So.3d 1262.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7.
Is At the original sentencing hearing, the trial court reviewed the penalty range for the offense and noted its consideration of the evidence for both sides. The court also reviewed the facts of the case as follows:[2]
The evidence established that Mr. Moody and the victim were in a prior relationship. Mr. Moody was at least ten years older than the victim (who was 17 years old) when the relationship began.
In addition, the evidence established that the victim was still in high school when her relationship with Mr. Moody began.
The victim testified and was, obviously believed by the jury that, after a few months in this relationship, she decided to end it.
After the relationship ended, Mr. Moody continued to try to contact the victim. The victim did not accept phone calls from Mr. Moody. She, eventually, had her phone numbers changed. She blocked Mr. Moody on her Facebook account.
When the victim would not take Mr. Moody’s calls, he then began calling the victim’s friend, Angel, to try and make contact with [the victim].
In June of 2012, Mr. Moody went to [the victim’s] home. He was not welcomed by [the victim.] Rather than leaving when told to do so, he gained access to [the victim’s] home through the kitchen window. He took [the victim’s] cell phone and left the premises.
The police were called. [The victim’s] phone was found in Mr. Moody’s pocket. Rather than press charges, [the victim] and her mother requested that Mr. Moody be instructed to stay away from [the victim] to stay away from her home, and to leave her alone.
Mr. Moody did not abide by [the victim’s] requests. In fact the police also informed him to do those things. Mr. *267 Moody did not abide by those instructions.
[The victim] had to have her phone number changed. Mr. Moody continued. He waited for her at the bus stop, followed her home from school, and a neighbor had to come to [the victim’s] aid to get Mr. Moody to leave her alone that day.
|4The evidence also established that, in October 2012, Mr. Moody went to [the victim’s] home. Again [the victim] would not let him in, so he came in again through the window.
[The victim] hit Mr. Moody with an aluminum baseball bat in an effort to keep him out. Mr. Moody was able to get in the house and did, in fact, rape [the victim] by force.
Mr. Moody testified at trial and gave many inconsistent statements and denied he raped [the victim].
Mr. Moody admitted to having vaginal intercourse with [the victim], but contended that it was consensual sex. He was adamant that [the victim] consented to having sex with him even though she greeted him with a baseball bat.
At sentencing, the court also considered the factors set forth in La. C. Cr. P. art. 894.1, specifically finding that there was an undue risk that during a suspended sentence Moody would commit a crime against the same victim, considering that the defendant could not take “no for an answer.” The court further determined that Moody was in need of correctional treatment in a custodial environment provided most effectively by commitment to an institution and that a lesser sentence would deprecate the seriousness of the present offense. As aggravating and mitigating factors, the court noted as troubling the fact that Moody failed to take responsibility for his actions. The court expressed concern over the fact that Moody was told more than once to stay away from the victim and asked to refrain from contact with the victim because she did not want to talk to him. The victim was forced to greet Moody with a baseball bat because he did not heed the requests. The court also considered that Moody was ten years older than the victim and that the offense was a crime of violence.
At the subsequent multiple offender sentencing hearing on April 28, 2014, the court vacated the former sentence imposed and then imposed the original sentence of 55 years at hard labor without benefit of probation or ^suspension of sentence. In addition to the former considerations made by the court, additional circumstances were taken into account. The court considered that Moody had a criminal history that included two felonies. Again the court reiterated the fact that prior to the rape Moody was asked to stay away from the victim but refused to listen. The court considered that Moody showed no remorse for his actions and did not accept any responsibility for his offense, insisting that the sex was consensual. Finally, the court reiterated that the victim tried to prevent Moody from entering her home and was forced to hit him with a baseball bat.[3]
The imposed sentence is not unconstitutionally excessive. The trial court adequately considered the La. C. Cr. P. art. 894.1 factors, specifically noting the seriousness of the present offense and the unlikelihood of rehabilitation. Thus, an adequate factual basis for the sentence imposed is shown on the record. State v. Smith, 433 So.2d 688 (La. 1983).
The penalty is not so grossly disproportionate to the severity of the crime as to shock the sense of justice. State v. Smith, 01-2574 (La. 01/14/03), 839 So.2d 1; State *268 v. Dorthey, 623 So.2d 1276 (La. 1993). While the court was aware of Moody’s prior felony criminal conviction at the time of the original sentence due to his trial testimony, the fact remains that the court was not sentencing him as a multiple offender at that time. The trial court’s focus on Moody’s failure to take responsibility for his actions was also based upon..his trial testimony. Thus, any argument that this consideration was an improper focus on his choice to go to trial is unsupported by the record. For his second felony status, Moody faced the|fiimposition of a maximum sentence of 80 years. The court was well within its authority to increase the sentence. The sentence imposed, 55 years, is within the middle of the statutory range set forth under the habitual offender stat: ute. Notably, the crime of conviction, is a crime of violence under Louisiana law. Moody committed the previous robbery offense while armed with a weapon. These convictions evidence the fact that Moody is a violent offender. As noted by the trial court, the victim, who was ten years Moody’s junior, was forced to defend herself with a bat and was attacked by someone who refused to heed her requests to leave her alone. Moody persisted in his claims that the sex was consensual, never taking responsibility for his actions. Considering the broad discretion granted to the court in these matters, the imposed sentence is adequately tailored to this defendant.[4]
Error Patent
Under La. R.S. 15:541, forcible rape is defined as a sex offense. Thus, Moody was entitled to be informed of the sex offender notification and registration requirements of Louisiana’s sex offender laws. A review of the record- and minutes reveals, that the trial court neither orally nor in writing informed Moody of the sex offender notification and registration requirements of La. R.S. 15:542-543.1. This fact requires remand for the purpose of providing the appropriate written notice of the sex offender registration requirements to Moody within ten days of the rendition of this opinion, and for an entry into the court minutes stating that the written notification was provided to the defendant. La. R.S. 15:543(A); State v. Diggs, 43,740 (La.App. 2d Cir. 12/10/08), 1 So.3d 673, writ denied, 09-0141 (La. 10/2/09), 18 So.3d 101; State v. Scott, 42,997 (La.App. 2d Cir. 2/13/08), 975 So.2d 782.
Conclusion
For the foregoing reasons, defendant’s sentence is affirmed, and the case remanded to the trial court for compliance with the sex offender registration requirements.

. In 2015, La. R.S. 14:42.1 was amended to change the name of the offense to second degree rape.

. The record does not show that the court ordered a presentence investigation report prior to sentencing. Moody admitted at trial that he had a prior conviction in Texas for aggravated robbery.

. The court issued written reasons for the multiple offender sentence on April 28, 2014.

. For these reasons, we also find no error in the trial court’s denial of Moody’s motion to reconsider sentence.