COX, J.
liThe defendant, Johnny Oneal Lapoole (“Lapoole”), pled guilty to felony carnal knowledge of a juvenile and was sentenced to ten years at hard labor. He appeals his sentence as excessive. We affirm.
FACTS
In November of 2013, Lapoole and his wife were the foster parents of the. minor child, A.J., age 15. On May 21, 2014, officers were contacted because a physician determined that A.J. was five months pregnant. A.J. subsequently reported that, in November 2013, Lapoole gave her Tylenol and that she fell asleep in her bedroom. She awoke to find that her pants had been removed and Lapoole, also not wearing pants, was on top of her. When Lapoole noticed that she was awake, he got off of her and left the room. A.J. also reported that Lapoole came into her bedroom on a second occasion, in January 2014, and touched her private parts. Following the birth of A.J.’s child, DNA testing established that there was a 99.9% chance that Lapoole was the father.
On January 27, 2015, Lapoole was charged by bill of information with simple rape, in violation of La. R.S. 14:43; misdemeanor carnal knowledge of a juvenile, in violation of La. R.S. 14:80.1; and indecent behavior with a juvenile, in violation of La. R.S. 14:81. On January 4, 2016, Count Two was amended to felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80. Lapoole pled guilty to Count Two, felony carnal knowledge of a juvenile, on March 1, 2016. Counts One and Three were dismissed as part of the plea arrangement. The defendant was properly Boykinized and no promises were made as to the sentence which would be imposed.
IgAfter accepting the plea, a presentence investigation (“PSI”) was ordered and the court considered the sentencing guidelines under La. C. Cr. P. art. 894.1. After- reviewing the PSI report, the court noted that Lapoole was a first-time felony offender with one prior conviction for a misdemeanor DWI. However, the court also noted that the victim had been placed in Lapoole’s home after suffering from prior physical abuse. The court stated that the victim needed a stable and safe family environment, but Lapoole took advantage of his position of trust. Aside from the guilty plea, the court observed that La-poole steadfastly denied any involvement despite evidence, to the contrary. The court also took note of the extremely favorable plea bargaining agreement reached by La-poole, wherein he reduced his possible sentencing exposure from a maximum of 32 years to 10 years.
As to Lapoole’s social history, the court noted that he had been married for 11 years and had three daughters and one son. He provided housing for. his three daughters, ages 24, 20, and 17, and one granddaughter, age 1. He also had a stable work history, working for 18 years as a mental health tech at Golden Age Nursing Home and then 5 years at James Machine Works.
On May 10, 2016, after reviewing all of these considerations, the trial court sentenced Lapoole to 10 years’ imprisonment at hard labor, with credit for time served. Aggravating factors specifically emphasized by the trial court included Lapoole’s use of a position of trust to facilitate the *432 offense, the multiple reported instances of sexually abusive conduct, and the advantageous plea bargain. A motion to reconsider, arguing only that thejjsentenee imposed was constitutionally excessive, was filed on May 17, 2016, and denied without hearing on May 18, 2016. This appeal followed.
LAW
La. C. Cr. P. art. 881.1 precludes a defendant from presenting sentencing arguments to the court of appeal that were not presented to the trial court. In this case, Lapoole filed a motion to reconsider, but argued only that the sentence imposed was constitutionally excessive. As such, this Court’s review of Lapoole’s sentencing claim is limited to the bare claim that the sentence is constitutionally excessive.
Felony carnal knowledge of a juvenile is committed when a person who is 17 years of age or older has sexual intercourse, with consent, with a person who is 13 years of age or older but less than 17 years of age, when the victim is not the spouse of the offender and when the difference between the age of the victim and the age of the offender is four years or greater. La. R.S. 14:80(A)(1). Lack of knowledge of the juvenile’s age shall not be a defense. La. R.S. 14:80(C). Whoever commits this offense shall be fined not more than $5,000, or imprisoned, with or without hard labor, for not more than 10 years, or both. La. R.S. 14:80(P)(1).
A sentence violates La. Const. Art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Miles, 48,-830 (La-App. 2d Cir. 2/26/14), 136 So.3d 916. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice or makes no treasonable contribution to acceptable penal goals. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Washington, 46,568 (La.App. 2d Cir. 9/21/11), 73 So.3d 440, writ denied, 2011-2305 (La. 4/27/12), 86 So.3d 625.
As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Cozzetto, 2007-2031 (La. 2/15/08), 974 So.2d 665; State v. Hogan, 47,993 (La-App. 2d Cir. 4/10/13), 113 So.3d 1195, writ denied, 2013-0977 (La. 11/8/13), 125 So.3d 445. However, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Fatheree, 46,686 (La.App. 2d Cir. 11/2/11), 77 So.3d 1047; State v. Germany, 43,239 (La.App. 2d Cir. 4/30/08), 981 So.2d 792. Likewise, a substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the most serious offense as originally charged, is a legitimate consideration in sentencing. State v. Mendenhall, 48,028 (La.App. 2d Cir. 5/15/13), 115 So.3d 727; State v. Fatheree, supra.
The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Diaz, 46,750 (La.App. 2d Cir. 12/14/11), 81 So.3d 228. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, Land, *433 therefore, is given broad discretion in sentencing. State v. Cook, 1995-2784 (La. 5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996); State v. Fatheree, supra. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
DISCUSSION
Lapoole argues that the sentence imposed by the trial court is excessive because he is a first-felony offender, because there is great disparity between his sentence and sentences imposed on similarly situated defendants, and because the sentence makes no measurable contribution to acceptable penal goals.
The ten-year sentence imposed by the trial court represents the maximum imprisonment sentence for felony carnal knowledge of a juvenile under La. R.S. 14:80. At sentencing, the trial court reviewed the PSI report and noted that La-poole was a first-time felony offender, with one prior DWI conviction. Lapoole also had a stable work history and family life according to the PSI report. He asserts that a lengthy incarceration will be a hardship on the three children and one grandchild who reside with him. The trial court found that Lapoole brought that hardship upon himself and his family.
Lapoole argues that he accepted responsibility by pleading guilty. However the trial court noted that, despite the fact that DNA testing showed a 99.9% chance that Lapoole was the father of A.J.’s child, La-poole “steadfastly denied any involvement.” The trial court further noted that A.J. was in Lapoole’s home as a foster child, after being removed from her mother’s home due to physical abuse. At the time of the offense, A.J. was | ,¡15 years old, while Lapoole was 40 years old. The trial court found that Lapoole abused his position of trust and that the betrayal resulted in the pregnancy of a child.
Lapoole was initially charged in connection with two separate incidents, which could have justified consecutive sentences if convicted on all counts. In exchange for Lapoole’s guilty plea, the state dismissed the charges of simple rape, stemming from the same offense as the carnal knowledge charge, and indecent behavior with a juvenile, from the January 2014 offense. Had Lapoole been convicted on all counts, which the trial court noted was probable, he faced a potential sentence of 32 years’ imprisonment. As such, he received a significant benefit by pleading guilty.
As noted by the trial court, “this is an extremely egregious factual situation involving an abuse, the sexual abuse of a child who was particularly vulnerable because of her circumstances and had been taken from her family because of abuse from that family and placed in a position where—in a home where she should have enjoyed a loving, nurturing, caring environment, but she didn’t get that.”
CONCLUSION
Based upon all of these factors, we find that the sentence is not grossly disproportionate to the seriousness of the offense and there is no showing of an abuse of the trial court’s discretion in the imposition of the maximum sentence. The defendant’s conviction and sentence are affirmed.
AFFIRMED.