STONE, J.
| pursuant to a plea agreement, David M. Fleming pled guilty to one count of attempted indecent behavior with juveniles, a violation of La. R.S. 14:81 and 14:27. Fleming was sentenced to six years at hard labor with five years suspended, and five years of supervised probation. He was fined $2,000.00, and in lieu of court costs, sentenced to 120 days in jail to run consecutive to his hard labor sentence. For the following reasons, we affirm Fleming’s conviction and amend Fleming’s sentence to omit the $2,000.00 fine. We remand to the trial court for the sole purpose of compliance with the sex offender notification and registration requirements. La. R.S. 15:542-543.1.
FACTS
On October 18, 2013, David M. Fleming (“Fleming”) was charged by bill of information with one count of indecent behavior with juveniles in violation of La. R.S. 14:81. On December 3, 2015, after being advised of and waiving his rights, Fleming entered a guilty plea to the crime of attempted indecent behavior with juveniles. Fleming admitted to “letting” his granddaughter touch him inappropriately between thé dates of August 1, 2013 and September 1, 2013. Thereafter, the trial court sentenced Fleming' to six years at hard labor, a $2,000.00 fine, and in lieu of paying court costs, 120 days in jail to run consecutively. The trial court suspended five years of the sentence and placed Fleming on five years of supervised probation upon his release.
On August 1, 2016, Fleming filed a motion to reconsider sentence arguing his sentence is excessive. However, the trial court denied the motion. Fleming now appeals.
J^DISCUSSION
On appeal, Fleming asserts the trial court did not sufficiently consider the mitigating circumstances of the case and gave undue weight to the aggravating circumstances. Fleming argues that he should have been accorded a minimum sentence without any hard labor and the requirement that he serve one year in prison is nothing more than a purposeless and needless infliction of pain and suffering.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App. 2 Cir. 02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La. 03/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been *502 full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Swayzer, 43,350 (La.App. 2 Cir. 08/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Ates, 43,327 (La. App. 2 Cir. 08/13/08), 989 So.2d 259, writ denied, 82008-2341 (La. 05/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App. 2 Cir. 12/13/06), 945 So.2d 277, unit denied, 2007-0144 (La. 09/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm doné to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2 Cir. 01/24/07), 948 So.2d 379.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Thompson, 2002-0333 (La. 04/9/03), 842 So.2d 330; State v. Robinson, 49,677 (La.App. 2 Cir. 04/15/15), 163 So.3d 829, 844, writ denied, 2015-0924 (La. 04/15/16), 191 So.3d 1034.
At Fleming’s sentencing hearing, the trial court noted it considered the following aggravating,factors from its review of the pre-sentence investigation (“PSI”) report: 1) Fleming allegedly unzipped his pants and suggested the victim “kiss his wiener”; 2) Fleming allegedly allowed and/or caused the victim to sleep on top of him; and 3) Fleming allegedly forced the victim’s head towards his “privates.” The trial court asserted it was “quite 1 ¿disturbing” and “terrible” that Fleming would engage in such conduct with his granddaughter who was only six-years old at the time. Additionally, the trial court found Fleming misled investigators by attempting to “flip the script” and place the blame on the victim.
As mitigating factors, the trial court considered Fleming’s lack of a criminal record, his family’s request for leniency, and the varying versions of what actually happened. The trial court also considered Fleming’s 30-year work history without any meaningful infraction, genuine expressions of remorse, and written statement admitting his conduct was unacceptable.
At the time Fleming committed the offense, La. R.S. 14:81(H)(2) provided the following:
Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation or suspension of sentence.
When a defendant is convicted of an attempted offense, the punishment is “in the same manner as for the offense *503 attempted,” but the term of imprisonment shall not exceed “one-half of the longest term of imprisonment prescribed for the offense so attempted.” La. R.S. 14:27; State v. Latin, 42,134 (La.App. 2 Cir. 06/20/07), 960 So.2d 1186, 1191. There is no express statutory - minimum sentencé for being convicted of an attempt, arid principles of lenity require that the statute be strictly construed. State v. Callahan, 95-1331 (La. 03/29/96), 671 So.2d 903; State v. Shaw, 44,453 (La.App. 2 Cir. 06/24/09), 15 So.3d 1195, 1198.
Based on the aforementioned, we find the trial court was well within its discretion in sentencing Fleming to six years at hard labor with five years | Ssuspended. As a result of -his guilty plea, Fleming’s sentence ng'exposure was substantially reduced. Fleming’s six-year sentence is a mid-range sentence' with the majority of the sentence suspended. Considering the severity of the offense, we find the imposed sentence is not a purposeless and needless infliction of pain and suffering, nor is it disproportionate to the offense.
ERRORS PATENT
Our review of the record reveals two errors patent. First, along with Fleming’s hard labor sentence, the trial court imposed a $2,000.00 fine. However, La. R.S. 14:81(H)(2) does not authorize the imposition of a fine, and we amend Fleming’s sentence to omit the fíne. La. C. Cr. P. art. 882.
Secondly, Fleming’s conviction of attempted indecent behavior with juveniles, a “sex offense” under La. R.S. 15:541(24), requires that Fleming be subjected to the sex offender notification and registration requirements. See La. R.S. 15:542. The record indicates the trial court neither orally nor in writing informed Fleming of the sex offender notification and registration requirements, as mandated under La. R.S. 15:543. Thus, remand is necessary to provide the appropriate written notice of the sex offender registration requirements to Fleming within -ten days of the rendition of this opinion, and for an entry into the court minutes reflecting, that such written notice was provided to Fleming. La. R.S. 15:543(A); State v. Moody, 50,955 (La.App. 2 Cir. 11/16/16), 209 So.3d 264, 268; State v. Diggs, 43,740 (La.App. 2 Cir. 12/10/08), 1 So.3d 673, writ denied, 09-0141 (La. 10/02/09), 18 So.3d 101.
^CONCLUSION
For the foregoing reasons, Fleming’s conviction is affirmed. Fleming’s sentence is amended to omit the $2,000.00 fine and, as amended, affinried. The case is remanded to the trial court for compliance with the sex offender notification and registration requirements. La. R.S. 15:542-543.1.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED; REMANDED.