COX, J.
The defendant, Brandon Dale Thomas ("Thomas"), pled guilty to four counts of attempted aggravated crime against nature. On Counts One and Two, Thomas was sentenced to 25 years at hard labor, with the first 20 years to be served without the benefit of parole, probation, or suspension of sentence. Counts One and Two were ordered to be served concurrently with each other. On Counts Three and Four, Thomas was sentenced to 25 years at hard labor. Counts Three and Four were ordered to be served concurrently with each other, but consecutively to Counts One and Two. Thomas now appeals, arguing that his sentence is excessive. For the following reasons, we affirm.
FACTS
Thomas was charged by bill of information with 13 counts of aggravated crime against nature. The victim, M.C.[1] , is Thomas' stepdaughter. The bill alleged that these crimes occurred between October 6, 2012, and July 25, 2016.
On December 19, 2016, pursuant to a plea agreement, Thomas appeared and pled guilty to four counts of the reduced charge of attempted aggravated crime against nature. During the plea colloquy, the trial court advised Thomas: "[A]s a result of the guilty plea, you'll be subjected to a minimum of 20 years imprisonment at hard labor, the first 20 years being without benefit of parole, probation or suspension of sentence. And the maximum would be 49 years, each count[.]" Thomas affirmed that was his understanding of the full and *1177 complete plea agreement. He signed the written plea agreement, which did not include a cap on the maximum sentence or indicate whether the sentences would be served consecutively or concurrently.
As a factual basis for the plea, the state noted that Thomas sexually abused his stepdaughter on multiple occasions between October 6, 2012, and July 25, 2016. The abuse was disclosed when the victim's 15-year-old sister observed Thomas standing in a closet with M.C. in front of him; Thomas quickly zipped up his pants and turned around.
The victim was interviewed at the Child Advocacy Center. After a series of interviews, she disclosed that Thomas had been sexually abusing her since she was three years old. She stated Thomas had abused her over 20 times, and the abuse included forcing her to touch his penis, forcing her to put her mouth on his penis and scrotum, and forcing her to lie naked on top of Thomas' private parts. Thomas conceded that these facts were correct.
On March 22, 2017, after reviewing the presentence investigation report, the trial court sentenced Thomas. On Counts One and Two, Thomas was sentenced to 25 years at hard labor, with the first 20 years to be served without the benefit of parole, probation, or suspension of sentence. Counts One and Two were ordered to be served concurrently with each other. On Counts Three and Four, Thomas was sentenced to 25 years at hard labor. Counts Three and Four were ordered to be served concurrently with each other, but consecutively to Counts One and Two.
The defense filed a motion to reconsider sentence, arguing that Thomas' sentences were unduly harsh since he was a true first-offender. The trial court denied the motion. This appeal followed.
DISCUSSION
Thomas argues that his sentences, as imposed consecutively, are excessive. Thomas notes he is a 39-year-old, first-offender with no criminal record, and a 50-year sentence is essentially a life sentence. Specifically, he contends that the trial court failed to give proper consideration to the sentencing factors, as evidenced by the trial court's assertion that, due to the nature of Thomas' crime, he would always be a danger to others and could not be rehabilitated. Further, Thomas asserts that it was unfair for the trial court to use the plea agreement as a factor in favor of a harsh sentence. He claims that the trial court failed to consider the fact that he admitted to the offenses, was remorseful, and spared the victim any further trauma by accepting the plea.
In reviewing a sentence for excessiveness, an appellate court utilizes a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The goal of La. C. Cr. P. art. 894.1 is for the court to articulate the factual basis for the sentence imposed, not to impose rigid or mechanical compliance with its provisions. State v. Nixon , 51,319 (La. App. 2 Cir. 5/19/17), 222 So.3d 123. The article provides a list of aggravating and mitigating factors that the court may consider to determine if the defendant is eligible for a suspended sentence or probation. Although the trial court is not required to list every aggravating or mitigating circumstance present in the case, the record should reflect that the court adequately considered the guidelines of the article. Id. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation.
*1178 State v. Johnson , 51,430 (La. App. 2 Cir. 7/5/17), 224 So.3d 505. There is no requirement that specific matters be given any particular weight at sentencing. State v. Thompson , 50,392 (La. App. 2 Cir. 2/24/16), 189 So.3d 1139.
Second, the appellate court must consider whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. State v. Lewis , 49,138 (La. App. 2 Cir. 6/25/14), 144 So.3d 1174, writ not cons. , 16-0235 (La. 3/14/16), 188 So.3d 1070. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. Id.
The trial court has wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Allen , 49,642 (La. App. 2 Cir. 2/26/15), 162 So.3d 519, writ denied , 15-0608 (La. 1/25/16), 184 So.3d 1289. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case. Id. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Jackson , 48,534 (La. App. 2 Cir. 1/15/14), 130 So.3d 993.
A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Mendenhall , 48,028 (La. App. 2 Cir. 5/15/13), 115 So.3d 727. Accordingly, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the plea offense. State v. Lapoole , 51,199 (La. App. 2 Cir. 2/15/17), 215 So.3d 430.
When two or more convictions arise from the same act or transaction, or constitute parts of a common scheme or plan, the terms of imprisonment shall be served concurrently, unless the court expressly directs that some or all be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory, and consecutive sentences under those circumstances are not necessarily excessive. State v. Hebert , 50,163 (La. App. 2 Cir. 11/18/15), 181 So.3d 795. It is within the trial court's discretion to make sentences consecutive rather than concurrent. State v. Robinson , 49,677 (La. App. 2 Cir. 4/15/15), 163 So.3d 829, writ denied , 15-0924 (La. 4/15/16), 191 So.3d 1034.
A judgment directing that sentences stemming from a single course of conduct be served consecutively requires particular justification from the evidence or record. When consecutive sentences are imposed, the trial court shall state the factors considered and its reasons for the consecutive terms. Among the factors to be considered are: (1) the defendant's criminal history; (2) the gravity or dangerousness of the offense; (3) the viciousness of the crimes; (4) the harm done to the victims; (5) whether the defendant constitutes an unusual risk of danger to the public; (6) the potential for the defendant's rehabilitation; and (7) whether the defendant has received a benefit of a plea bargain. State v. McDuffey , 42,167 (La. App. 2 Cir. 6/20/07), 960 So.2d 1175, writ denied , 07-1537 (La. 1/11/08), 972 So.2d 1163. However, the failure to articulate specific reasons for consecutive sentences does not require remand if the record provides an adequate factual basis to support *1179 consecutive sentences. State v. Robinson, supra .
La. R.S. 14:89.1(C)(2) provides:
Whoever commits the crime of aggravated crime against nature as defined by Paragraph (A)(2) of this Section with a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
When a defendant is convicted of an attempted offense, the punishment is "in the same manner as for the offense attempted," but the term of imprisonment "shall not exceed one-half of the longest term of imprisonment prescribed for the offense so attempted." La. R.S. 14:27(D)(3). There is no express statutory minimum sentence for being convicted of an attempt, and principles of lenity require that the statute be strictly construed. State v. Fleming , 51,332 (La. App. 2 Cir. 5/2/17), 219 So.3d 499.
After reviewing the record, we find the trial court did not abuse its discretion in sentencing Thomas to 25 years at hard labor on each of four counts of attempted aggravated crime against nature, for a total sentence of 50 years at hard labor. We do not believe the trial court abused its discretion in sentencing Thomas, pursuant to the plea agreement, to serve 25 years at hard labor on Counts One and Two, and 25 years at hard labor on Counts Three and Four, to run consecutively with each other.
At the sentencing hearing, the trial court adequately considered the facts of this case, the information provided in the presentence investigation report, and the applicable sentencing factors set forth in La. C. Cr. P. art. 894.1. The trial court also considered all filings and testimony received on behalf of Thomas and the victim,[2] the applicable sentencing range, and the benefit Thomas received as a result of the plea agreement.
The trial court stated that although Thomas has no criminal history and is now remorseful, there are certain crimes that are "unforgivable" and "inexcusable." In outlining the facts of this case, the trial court noted that Thomas' acts are "disgusting and despicable acts against a mere child; a child who is defenseless." On multiple occasions, Thomas took the victim to his room, closed the door, and forced her to perform oral sex on him. Thomas also rubbed his penis on the victim to the point where it caused her pain.
In reviewing the sentencing guidelines under La. C. Cr. P. art. 894.1, the trial court noted several aggravating factors. The trial court stated that Thomas' conduct during the commission of the offense manifested deliberate cruelty to the victim. He terrorized the victim by threatening to kill her mother if she told anyone. The victim was forced to perform "vulgar, disgusting and unacceptable sexual acts," and when she tried to resist, she was slapped, threatened, and her hair was pulled. The trial court also found that Thomas knew or should have known that the victim was particularly vulnerable or incapable of resisting due to her extreme youth, as she was only three years old when the abuse *1180 began. Thomas used his position of trust, as the victim's stepfather, to facilitate the commission of the offense. Additionally, the trial court observed that the offense resulted in a significant, permanent injury and loss to the victim and her family. The trial court indicated that the victim will have lifelong psychological injuries and will need extensive counseling. Further, the trial court believed there was an undue risk that, during a period of a suspended sentence or probation, Thomas would commit another crime. The court expressed its doubt that Thomas could be rehabilitated, stating that sex offenders represent a danger to society.
As it relates to mitigating factors, the trial court considered that Thomas has no prior criminal history, but noted his arrest in 2014 for domestic abuse battery against his wife.[3] The court also indicated that Thomas' incarceration would cause an excessive hardship on his three sons, ages 19, 17, and 13. Additionally, the trial court recognized that Thomas has been employed by Coca-Cola Bottling Company since high school and has undergone cancer treatment through chemotherapy.
The record adequately supports the sentences imposed. At the sentencing hearing, the trial court stated it considered each of the counts against Thomas to be separate and distinct acts, and it believed it could justify consecutive sentences for each count.
Thomas' mid-range sentences, although ordered to be served consecutively, are not constitutionally excessive. Thomas admitted to engaging in sexual activities with his three-year-old stepdaughter multiple times over the course of three years. He forced the child to perform oral sex on him and threatened to kill her mother if she told anyone.
Thomas received a substantial benefit in sentencing as a result of the plea agreement, as he was facing thirteen counts of aggravated crime against nature. In exchange for his plea, the state reduced four of the counts against Thomas to attempted aggravated crime against nature and dismissed the remaining nine counts. His total sentence of 50 years for four counts is only six months longer than the maximum sentence for one count of attempted aggravated crime against nature.
Based on the record and the benefit Thomas received from the plea agreement, the sentences imposed by the trial court do not shock the sense of justice, nor are they grossly disproportionate to the severity of the offenses.
CONCLUSION
For the foregoing reasons, we affirm the defendant's convictions and sentences.
AFFIRMED.

M.C. was born on 10/6/09.

The trial court received letters on Thomas' behalf from his ex-wife, children, family members, and friends. Also, at the sentencing hearing, Thomas admitted that he made a mistake, stated he was truly sorry for his actions, and asked the trial court for leniency. Jennifer Thomas, Thomas' wife and the victim's mother, and Amanda Desean, Jennifer's friend, testified as to the emotional impact on the victim and her family, noting that Thomas took away the victim's innocence, and she now lives in constant fear.

This charge was later dismissed.