## LOEWENTHAL v. MICHELS.

(Supreme Court, Appellate Term.   May 15, 1908.)

LANDLORD AND TENANT—COVENANTS IN LEASE—WATER RENTS—LIABILITY OF TENANT.

Under Greater New York Charter, § 475, and section 473, as amended by Laws 1902, p. 1219, c. 509, and Laws 1904, p. 1431, c. 600. conferring on the board of aldermen the power to establish a scale of rents for supplying water, and providing that all extra charges for water shall be included in the

regular rents, and, in case a meter shall be placed in any building, the charge for water shall be determined by the quantity used as shown by the meter, etc., a tenant in a lease stipulating that he shall pay the regular "annual rent * * * assessed * * * according to law * * * for * * * water rent" must pay meter charges.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Jennie Loewenthal against Edward Michels. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Edmund Bittiner, for appellant.

Ashbel P. Fitch and Mott & Grant (Albert S. Parmelee, of counsel), for respondent.

GREENBAUM, J. The facts in this action are undisputed. The defendant was lessee of premises known as Nos. 102, 104, and 106 East Eleventh street, in the borough of Manhattan, under a written lease, dated October 24, 1904, made with the plaintiff as landlord. The lease was partly written and partly printed on a printed form, which has been in common vogue for many years in this city, containing a printed covenant, which obligated the tenant "to pay the regular annual rent or charge which is or may be assessed or imposed according to law upon the said premises for the Croton water rent when due in each year during the term, and if not so paid, the same shall be added to the month's rent then due." The defendant entered into possession of the said premises under the lease, and continued in occupancy for two years and six months, the full term of the leases. There were imposed upon said premises during said term certain meter charges for water aggregating the sum of $202.96. This action was brought by the landlord to recover said sum. The trial justice gave judgment for the defendant, and the question involved upon this appeal involves the interpretation of the above-quoted covenant.

The respondent relies upon the case of Moffat v. Henderson, 50 N. Y. Super. Ct. 211, as authority for the proposition that a covenant like the one in the lease under discussion obligates the tenant only to the payment of the "regular water rents" in contradistinction from the "extra charges" imposed upon the premises. The Moffat Case was decided in 1884, before the charter provisions now applicable to water rates or charges had been passed. A perusal of the case of Hill v. Thompson, also reported in 50 N. Y. Super. Ct. 165, and to which special reference is made in the Moffat Case at pages 216 and 217, will disclose that the statutes applicable to the facts in that case were section 13, c. 383, p. 894, Laws 1870, and section 73, c. 335, p. 503, Laws 1873. Mr. Justice Freedman wrote the opinion of the General Term of the Superior Court in the Moffat Case and the opinion of the Special Term in the Hill Case, which was practically adopted by the General Term, upon affirmance on appeal. Under the state of the law as it then was, the court held in the Moffat Case that the parties must have covenanted with reference to the fact "that both the

regular and extra water rent or charge might become liens on the land," and that it was only intended between the parties to obligate the tenant to pay the "regular rates" as contradistinguished from the "extra rates." A comparison between the acts in force when the foregoing cases were decided and the existing provisions of law as embodied in Greater New York Charter, Laws 1901, pp. 212, 210, c. 466, §§ 475, 473, as amended by Laws 1902, p. 1219, c. 509, and Laws 1904, p. 1431, c. 600, will show most radical differences between them. Under the former legislation there was a regular water rate for certain classes of enumerated buildings and a provision for imposing "extra rates" by the use of water meters to be placed in buildings, in the exercise of the discretion of the commissioners of public works.

Mr. Justice Freedman in Hill v. Thompson, 50 N. Y. Super. Ct., discussed the effect of these laws, and at pages 171 and 172, speaking of the use of water meters, said:

"No deduction will be made for the regular rate, if the quantity of water consumed, as shown by the meter, should amount, at meter rates, to a smaller rate. But, if it should amount to a larger sum, the regular rate will be deducted."

A discussion of the "regular rates" and "extra rates" will also be found at page 167. The present law (section 473 of the charter) confers upon the board of aldermen the power "to fix and establish a uniform scale of rents and charges for supplying water," and also specifically provides:

"All extra charges for water shall be deemed to be included in the regular rents which shall become a charge and lien upon the buildings, etc. * * * In all such cases in which a water meter may have been or shall be placed in any building as provided in this act, except as hereinafter provided, the charge for water shall be determined only by the quantity of water actually used as shown by said meters."

Under the existing law, therefore, there is no such thing as a "regular rent or charge" to which is superadded "extra charge," but in all cases where meters are placed in buildings the water charge shall be determined "only by the quantity of water actually used as shown by the meters," and these "extra charges" shall "be deemed included in the regular rents." This provision has been construed in the case of Healy v. City of New York, 90 App. Div. 170, 174, 175, 85 N. Y. Supp. 750, as regulating the method now in operation with reference to charges for water furnished by the city of New York to buildings in which a water meter has been installed. In Bristol v. Hammacher, 30 Misc. Rep. 426, 62 N. Y. Supp. 517, decided in 1900, Mr. Justice Freedman writing recognizes that a covenant in a lease similar to the one in this case obligates the tenant to pay such meter charges for the use of water as are "imposed according to law" upon the demised premises, and he makes no reference to his former decisions in 50 N. Y. Super. Ct. In the case at bar it is in evidence that a water meter was, during the full term of the lease, installed in the premises, and that the water charges were exclusively those fixed by the meters; no rent or charge having been imposed by the city on the basis of the uniform regular water rate for certain kinds of buildings having no meters.

110 N.Y.S.—41

Construing the covenant in question in the light of the statutes now in force, and of the conditions existing in the premises with respect to the method of water supply provided for them, there cannot be the slightest doubt but that the intention of the parties must have been that the meter charges were to be considered the regular meter rents or charges to be paid by the tenant. To construe the covenant as the tenant does would be to render it nugatory and meaningless, and to hold that the parties intended to give no effect to it.

The judgment must be reversed, and, as the conclusions cannot be changed upon a new trial, judgment is directed for the plaintiff with costs in this court and the court below. All concur.