Judgment rendered December 17, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,691-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JERRON BAILEY, SR.                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 392,336

Honorable Ramona L. Emanuel, Judge

* * * * *

LOUISIANA APPEALS & WRIT SERVICE          Counsel for Appellant
By: Remy V. Starns
    Michael A. Mitchell
    Desiree M. Valenti

JAMES E. STEWART, SR.                      Counsel for Appellee
District Attorney

FERNANDO B. GRIDER, JR.
ERIC M. WHITEHEAD
Assistant District Attorneys

* * * * *

Before COX, STEPHENS, and MARCOTTE, JJ.

STEPHENS, J., dissenting in part.

**COX, J.**

This criminal appeal arises out of the First Judicial District Court, Caddo Parish, Louisiana. Jerron Bailey, Sr. was convicted of aggravated flight from an officer and sentenced to four years of imprisonment at hard labor. Bailey appeals his sentence. For the following reasons, we affirm.

**FACTS**

Bailey was charged with aggravated flight from an officer and aggravated assault upon a peace officer. A jury trial was held on May 21-22, 2024, where the following testimonies were presented:

Shreveport Police Officer Nathaniel Davis testified that he was working patrol on November 13, 2022, when he initiated a traffic stop of Bailey for going 92 mph in a 60 mph zone. He stated it was going to be a traffic citation, but Bailey refused to stop. He stated that they played a game of "cat and mouse" with Bailey, as he would inch forward when they attempted to approach his vehicle; then, Bailey drove off. Ofc. Davis testified that Bailey remained at a low speed through residential areas, but he sped on the major roads, ran red lights and stop signs, and crossed over the yellow center line. Ofc. Davis's dash cam video was played for the jury. He stated that the pursuit of Bailey lasted about 13 minutes, and Bailey was ultimately arrested.

On cross-examination, Ofc. Davis stated that they followed Bailey home, where he was arrested. He testified that during the chase, Bailey could be heard saying he was a scared citizen or sovereign citizen, he was scared for his life, and he wanted officers to follow him home. Ofc. Davis testified that when Bailey was arrested, he asked officers not to kill him and stated he was a man of God.

Shreveport Police Officer Andre Wilson testified that he assisted in the pursuit of Bailey. He stated that he paralleled the pursuit to try to cut off Bailey. Ofc. Wilson's dash cam video was played for the jury. He testified that he parked his vehicle in an intersection to get Bailey to stop but moved his vehicle when he felt that Bailey would hit it. On cross-examination, Ofc. Wilson stated that Bailey was moving slowly as he approached his vehicle and sped up as he moved his vehicle out of the way.

Shreveport Police Officer Christopher Davidson testified that he assisted in the traffic stop and pursuit of Bailey. He stated that he provided backup behind Ofc. Davis's vehicle and corroborated Ofc. Davis's testimony.

Bailey elected not to testify. The jury unanimously found Bailey guilty as charged of aggravated flight from an officer and not guilty of aggravated assault upon a peace officer. Bailey filed a motion for new trial and a motion for post verdict judgment of acquittal, arguing that there was no evidence that the officer(s) had reasonable grounds to believe that he had committed an offense. Both of his motions were denied by the trial court. Bailey filed a sentencing memorandum, requesting a sentence of two years at hard labor. At the sentencing hearing, the trial court stated:

> This matter comes before this Court for sentencing. This Court has read defense's sentencing memorandum filed previously, and has given an opportunity for the defense and the state to make any additional statements they may wish to make of record at this time. Mr. Bailey has been convicted by a jury of the felony charge of aggravated flight from an officer. Mr. Bailey, this court so sentences you to serve four years at hard labor, credit for time served. Further, the Court recommends you to and for any and all special programs and/or life skill programs to which you may be eligible during your period of incarceration and thereafter to include reentry and any other special programs provided that you are eligible for same. You are given credit for time served.

Bailey filed a motion to reconsider sentence, which was denied in open court.  Bailey now appeals.

## DISCUSSION

Bailey argues that the trial court failed to provide a factual basis for the sentence or show that it tailored its sentence to him.  He states that the transcript and sentencing memorandum reflect the existence of the following mitigating factors which the trial court either ignored or failed to articulate its consideration: 1) serious harm was not caused or threatened in the commission of the offense (defendant was found not guilty of aggravated assault on a police officer); 2) he did not contemplate that his criminal conduct would cause or threaten serious harm; 3) he repeatedly asserted throughout the incident that he was afraid, asking the officers not to kill him and to follow him home; 4) he had no prior violent criminal history; 5) his criminal conduct was the result of circumstances unlikely to recur; and 6) the sentence will undoubtedly cause hardship to his nine-year-old son.

Bailey argues that his near-maximum sentence is excessive.  He points out that his offense did not occur during the commission of a violent offense, and he was unarmed.  He states that he is not the worst of the worst, and his sentence is cruel and unusual, grossly disproportionate, and shocks the sense of justice when viewed in light of the harm done to society.  He requests this Court vacate his sentence and remand for resentencing.

In reviewing a sentence for excessiveness, an appellate court uses a two-step process.  First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1.  The articulation of a factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions.  *State v. Bell*, 53,712

3

(La. App. 2 Cir. 1/13/21), 310 So. 3d 307; *State v. Kelly*, 52,731 (La. App. 2 Cir. 6/26/19), 277 So. 3d 855, *writ denied*, 19-01845 (La. 6/3/20), 296 So. 3d 1071.

The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of La. C.C. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Bell, supra*. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Bell, supra*; *State v. Thompson*, 50,392 (La. App. 2 Cir. 2/24/16), 189 So. 3d 1139, *writ denied*, 16-0535 (La. 3/31/17), 217 So. 3d 358. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Bell, supra*; *State v. Brown*, 51,352 (La. App. 2 Cir. 5/2/17), 223 So. 3d 88, *writ denied*, 17-1154 (La. 5/11/18), 241 So. 3d 1013.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bell, supra*. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell, supra*. A sentence may be excessive under La. Const. art. I, § 20 even if it falls within the statutory range established by the Legislature. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So. 2d 672; *State v. Sepulvado*, 367 So. 2d 762 (La. 1979).

4

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Bell, supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Bell, supra*; *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Bell, supra*; *State v. Kelly, supra*.

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Cozzetto*, 07-2031 (La. 2/15/08), 974 So. 2d 665; *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So. 3d 824; *State v. Sims*, 53,791 (La. App. 2 Cir. 6/30/21), 322 So. 3d 902.

At the time of the offense, the sentence for aggravated flight from an officer was up to five years at hard labor. La. R.S. 14:108.1(E)(1). Bailey was sentenced to four years at hard labor.

Although the trial court did not list out the aggravating and mitigating factors of La. C. Cr. P. art. 894.1, it did reference Bailey's sentencing memorandum, which listed out the factors. Bailey listed out what he felt were mitigating factors, as detailed above. The trial court is not required to list every aggravating and mitigating factor. We find the trial court's reference to Bailey's sentencing memorandum to be sufficient in particularizing his sentence.

5

Bailey was sentenced to four years at hard labor. Although it is on the upper end of the zero to five year sentencing range, it is not a maximum sentence. While most of the chase was not at a high rate of speed, Bailey continued to drive away from the police when told to stop. It was around 1 a.m. and the area was not crowded with traffic, but Bailey crossed over the center yellow line multiple times and ran several red lights and stop signs. This posed a danger to anyone on the streets at that time. As such, we do not find the trial court abused its discretion in sentencing Bailey. We affirm his sentence.

## CONCLUSION

For the reasons expressed above, Jerron Bailey, Sr.'s sentence is affirmed.

**AFFIRMED.**

**STEPHENS, J., dissenting in part.**

Bailey is neither the worst of offenders nor is aggravated flight from an officer the worst of offenses.  The maximum sentence that should have been imposed in this case is 18 months.  The legislature, in its wisdom, clearly considers maximum sentences to be the exception, not the rule.  In a civil law jurisdiction, judges must follow the law, not make it.  I respectfully dissent in part.